T. H. SHEPARD v. NORFOLK SOUTHERN RAILROAD.

(Filed 17 February, 1915.)

**Negligence—Automobiles—Speed Regulations—Proximate Cause.**

The mere fact that the speed of an automobile exceeded that allowed by chapter 107, Laws 1913, at the time of collision with a railroad train at a public crossing, does not of itself prevent a recovery by the owner, where there is evidence of negligence on the part of the railroad, because it would, among other things, withdraw the question of proximate cause from the jury.

APPEAL by defendant from *Carter, J.,* at December Term, 1914, of CHOWAN.

Civil action for injury to plaintiff's automobile at a railroad crossing. On the three ordinary issues in actions of this character, negligence, con-

tributory negligence, and damages, there was verdict for plaintiff. Judgment on verdict, and defendant excepted and appealed.

*Pruden & Pruden for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendant.*

PER CURIAM. On a former appeal in this cause, reported in 166 N. C., 539, from a judgment for defendant, a new trial was ordered. The facts will there sufficiently appear. The case has been tried below in accordance with the principles announced in that opinion, and we find no reason for disturbing the result.

It is urged for error that, inasmuch as plaintiff himself testified that his automobile was going 8 or 10 miles an hour, he is barred of recovery as a conclusion of law, by reason of the public statute of North Carolina regulating speed of automobiles, chapter 107, Laws 1913, and more especially by the last clause of section 15 of the act, in terms as follows: "Upon approaching an intersecting highway, a bridge, dam, sharp curve, or steep descent, and also in traversing such intersecting highway, bridge, dam, curve, or descent, a person operating a motor vehicle shall have it under control and operate it at such speed, not to exceed 7 miles an hour, having regard to the traffic then on such highways and the safety of the public."

The position, in our opinion, however, cannot be sustained, because, among other things, it withdraws the question of proximate cause from the jury, and, on the facts in evidence, this would be in contravention of our decisions on the subject, notably, *McNeill v. R. R.,* 167 N. C., 390; *Clark v. Wright, ibid.,* 64, and *Buchanan v. Lumber Co.,* 168 N. C., 40.

There is no error, and the judgment is affirmed.

No error.