E. M. BROWN & CO. v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 29 March, 1916.)

1. **Railroads — Crossings — Negligence — Look and Listen—Track—Improper Construction.**

Where there is evidence that one driving an automobile approached a public crossing of a railroad, where the view of an approaching train was obstructed, with due regard to his safety, looking and listening for the train, which came without signal or warning, and which he could not see before going upon the track; that he was prevented from crossing by a vehicle approaching from the opposite direction, and in endeavoring to back his machine out of danger his engine stopped, and because the track was not properly filled, the rails standing above the level of the ground, his machine could not be made to move, and was struck by the locomotive, causing him to be injured while endeavoring to jump out; that the engineer should, by the exercise of proper care, have seen plaintiff's danger in time to have avoided the injury: *Held,* sufficient upon the question of defendant's actionable negligence to take the case to the jury.

**2. Same—Sudden Peril—Contributory Negligence—Rule of Prudent Man.**

Under the circumstances of this case, it is held that the condition of the defendant railroad company's track at a crossing where its locomotive had a collision with plaintiff's automobile, causing the injury complained of, was evidence of defendant's negligence in not properly filling between the rails, leaving for the determination of the jury whether the plaintiff acted as a man of ordinary prudence and presence of mind would have done when confronted suddenly by the same grave peril, though the care required of him in approaching the track was increased in proportion to the danger in attempting to cross the same where the view was obstructed.

Appeal by defendant from *Daniels, J.,* at November Term, 1915, of Columbus.

The defendant, in its brief, states with sufficient accuracy the respective contentions of the parties, and we adopt its statement as containing the material facts.

This was an action brought by the plaintiff against the defendant to recover damages for personal injuries received by him and damage to his automobile claimed to have been caused by the negligence of the defendant while plaintiff in his automobile was attempting to cross the tracks of the defendant in the town of Cerro Gordo. Plaintiff alleged that on 18 December, 1914, while going over a public crossing in the town of Cerro Gordo, a few feet west of the defendant's station, he was struck by a train of the defendant which was negligently approaching the crossing without giving any signal by bell, whistle, or otherwise. He alleges that the crossing was negligently constructed and defective, in that there was no material between the rails on the track and each side of the rails of the track to serve as a support for the wheels of vehicles using the same in crossing, and which would have held them up near the level of the top of the rails and made the crossing safe for public use by providing for vehicles attempting to use the same to pass without unusual jars, and without stalling on the track and crossing, and was too narrow to permit vehicles to pass each other over the same, and that he drove his automobile in a careful and safe manner towards the crossing, making careful observation for approaching trains, having due regard to his safety and the safety of other persons who might be using the crossing, and when he reached a point between the rails of the defendant's main line of track, he observed approaching from the north a vehicle, which he had been prevented from seeing before he got on the track by the cars of the defendant which had been negligently left on the side-track, and that in order to prevent a collision with the vehicle he was compelled to stop his car at said point on the track, when he observed approaching from the west an engine and cars which had failed to give any signal, and he immediately signaled to the engineer in charge of the train to stop, and attempted to back his automobile off

of the track, which he failed to do by reason of the negligent construction of the crossing. He further alleges that his engine stalled and stopped, and the defendant's engineer failed and refused to stop the train or to give any attention to his signals of distress, and negligently struck him and his car, and injured him. All of which the defendant denies.

The second cause of action is upon the same statement of facts, except that it alleges damages to the machine.

The defendant alleges that the plaintiff was guilty of negligence, in that he negligently ran his automobile on the track immediately in front of the defendant's train while it was moving forward along the track, when the train was too close to stop before striking the machine, and that he negligently failed to stop and look and listen for the train before going on the track, and that he could have prevented the injury, as he could have seen and heard the train in time to have stopped his machine and avoided the injury.

The jury returned a verdict for the plaintiff, finding that there was negligence on the part of the defendant and none by the plaintiff, and assessed damages for the personal injuries at $1,600 and for injury to the automobile at $400. Judgment was entered thereon, and defendant appealed.

*Irvin B. Tucker and H. L. Lyon for plaintiff.*
*Davis & Davis, Schulken, Toon & Schulken for defendant.*

WALKER, J., after stating the case: A careful analysis of the record convinces us that there has been no error committed in this case. On 18 December, 1914, plaintiff attempted to cross defendant's track, on a public highway intersected by it, in his automobile. He testified that he both looked and listened for approaching trains, but that his view was obstructed by cars of the defendant negligently left on a parallel track and by other hindrances, and that he looked as best he could, and also listened for the noise of the train and signals for the crossing, but heard none. That he went upon the track, believing it to be safe to do so, and being induced to do so by the defendant's failure to give proper warning of the approach of one of its trains, and that he would have crossed safely had it not been for the approach of another person in a vehicle from the other side of the track, which prevented his going on, as he had intended to do. He then backed over the track in the direction from which he had come, but that the crossing was in such bad condition as to cause his automobile to stall on the track, and the train, which was coming towards him at the time, and in full view of his perilous position, ran into him and damaged him and his automobile. He further testified that the engineer could have seen that he was in

trouble with his car on the track and in danger of a collision if he did not stop his train, which he had full time and opportunity to do before reaching the place on the track where the plaintiff had stopped, and that he signaled the engineer to stop.

There was other evidence tending to show that defendant's servants were negligent and that plaintiff was free from fault.

The court submitted the case to the jury under a charge, which was exceptionally clear in its statement of the law as applicable to the facts and which covered completely every phase of the case. It certainly was not unfavorable to the defendant, and was entirely free from any error.

The jury, under the evidence and the charge, considered in connection with the verdict, must have found that defendant so obstructed the view of its track from the road that plaintiff could not see or hear approaching trains, although he looked and listened for them, and that defendant also failed to exercise care in giving proper signals from its train of its approach to the crossing, and that this proximately caused the collision and consequent injury, or that after plaintiff had stalled on the crossing he was seen by the engineer in time for him to have prevented the injury by stopping his train, or that both acts of negligence combined to produce the injury. On these questions the court charged the jury according to the approved precedents in this Court.

We held in *Shepard v. R. R.*, 166 N. C., 539, following two of the rules laid down in *Cooper v. R. R.*, 140 N. C., 209, and *Johnson v. R. R.*, 163 N. C., 431, as follows: "Where the view is unobstructed, a traveler who attempts to cross a railroad track under ordinary and usual conditions without first looking, when by doing so he could note the approach of a train in time to save himself by reasonable effort, is guilty of contributory negligence.

"Where the view is obstructed, a traveler may ordinarily rely upon his sense of hearing, and if he does listen and is induced to enter on a public crossing because of the negligent failure of the company to give the ordinary signals, this will usually be attributed to the failure of the company to warn the traveler of the danger, and not imputed to him for contributory negligence."

The court substantially instructed the jury in accordance with those rules, and if the jury found that there was negligence in the respect indicated in the latter of those two rules, and that it was the proximate cause of the injury, we can see no fault in that part of the charge. *Shepard's case* was again before the Court, and is reported in 169 N. C., 239, where the former decision was approved, and where it was further held that if plaintiff (in that case) was running his automobile at a rate of speed prohibited by the statute (Laws 1913, ch. 107), he was not, as a matter of law, debarred of a recovery, as the question of proximate cause was involved and was for the jury to determine. We have re-

ferred to that case especially because the plaintiff therein was in an automobile at the time he approached the crossing, and defendant in this case cites *N. Y. C. and A. R. R. v. Maidment,* 21 L. R. A. (N. S.), as perhaps a rule especially applicable to the automobile driver in regard to the duty of looking and listening, and controlling the speed of his car, somewhat different from that which is the standard in other cases. Without deciding whether there should be a difference between the driver of an automobile and the driver of an ordinary vehicle drawn by a horse or other animal likely to be frightened by a train, in respect of the care to be exercised by each of them, as stated in that case, we think the duty of the plaintiff in approaching the defendant's track with his car was carefully and properly explained to the jury, in the charge of the court, according to the principle as declared in *Shepard v. R. R.,* 166 N. C., 539. In that case, at p. 545, the Court said: "It is also established by the weight of authority that it is not always imperative on a traveler to come to a complete stop before entering on a railroad crossing; but 'whether he must stop, in addition to looking and listening, depends upon the facts and circumstances of each particular case, and so is usually a question for the jury.' *Alexander v. R. R.,* 112 N. C., 720; *Judson v. R. R.,* 158 N. Y., 597; *Malott v. Hawkins,* 159 Ind., pp. 127-134; 3 Elliott on Railroads (2 Ed.), sec. 1095, Note 147; 33 Cyc., pp. 1010, 1011-1020. In *Alexander's case* it was held, among other things: 'Where in an action for damages for an injury received at a railroad crossing plaintiff testified that she "held up very slow," as she was driving across, and, hearing no bell, which she had heard the day before while at the crossing, notwithstanding the noise of the factories on each side of the street, concluded that no engine was approaching, and drove on: *Held,* that it was not necessary for her to get out of her buggy and go beyond the cars to look up and down the track, or to stop and listen for an approaching engine when no signal was given of its approach.' In *Judson's case, supra*: 'A person approaching a railroad crossing is not required, as a matter of law, to stop before attempting to cross, but his omission to do so is a fact for the consideration of the jury.' In *Malott's case,* 159 Ind., *supra, Gallett, J.,* delivering the opinion, said: 'Exceptional circumstances may also require him to stop, although this proposition generally presents itself as a mixed question of law and fact.' " That case was approved in *Hunt v. R. R.,* 170 N. C., 442.

In respect to the condition of the crossing, it is our view that the same question is not presented in this case as in *Hunt's case, supra.* It was material to inquire whether the track was properly filled between the rails, as it seems that the reversal of the engine and the condition of the crossing caused the car to stop, according to plaintiff's testimony. If without fault he went upon the track and was then confronted sud-

denly by a grave peril, and exercised such care as a man of ordinary prudence and presence of mind would have used under the same circumstances, negligence will not be imputed to him, and the court so charged the jury. Not having brought the danger upon himself, or, if he did, the defendant having a fair opportunity to prevent the injury, he was not required to act wisely or discreetly, but only with such care and judgment as would be expected of a man of ordinary prudence in a like situation. He testified that he could not go forward safely, as another vehicle was in his way, and he backed, hoping to clear the track in another direction, but failed to do so, owing to the stoppage of his car. There was no dirt between the rails, and the front wheels struck the rail and stopped the engine. He then called to the engineer and attempted to jump over the back seat of the car, when he was stricken by the engine. Whether he acted with ordinary prudence under the circumstances was a question for the jury, it not being so clear that he did not as to make it a question of law. "The well settled rule that where one is placed in imminent danger he is not required to act with the same degree of care as if he had time for deliberation has been applied in the case of an accident to an automobile at a railroad crossing." 2 Ruling Case Law, p. 1207, sec. 42.

The plaintiff stated that he could not see the train until he got upon the track, as his view was obstructed by the defendant's cars on another track, and there was evidence that no signal of the approaching train was given, so that he could not either hear or see, and he could have crossed safely had it not been for the other vehicle which was coming over the crossing in the opposite direction, and, in backing to avoid a collision with it, he was caught on the track and could not move his car, as its engine had stopped; and there was further evidence that he did the best that he could, in the presence of the impending danger, with his way blocked, his engine stopped, and a train approaching on the same track. It is true that where the view of the track from a railroad crossing is obstructed the degree of care required of a traveler as well as of the railroad company is correspondingly increased and should be in proportion to the danger, *R. R. v. Grubbs,* 113 Va., 214; but whether the proper degree of care was exercised at the time of crossing the track or attempting to do so, and whether the traveler and the company continued in the exercise of the requisite degree of care, are questions for the jury, and the judge so treated them in this case, making proper allowance for plaintiff's alarm or fright when confronted by a grave peril.

The case was tried according to the rules approved by this Court and applicable to every phase of it as disclosed by the testimony.