IRA W. HARDY v. WEST COAST CONSTRUCTION COMPANY AND CITY OF KINSTON.

(Filed 17 October, 1917.)

1. **Municipal Corporations—Cities and Towns—Dangerous Conditions—Negligence—Implied Notice.**

   Municipal authorities are charged with the duty of keeping its streets in a reasonably safe condition, and to exercise a careful supervision over them to that end, and while having street improvements made to see to it that proper lights are placed at night at excavations, piles of dirt and other obstructions incident to such work, so as to warn those passing of the dangerous conditions there.

2. **Same—Contracts—Lights.**

> .A contractor to make street improvements for a municipality is liable for his negligence in not placing lights at night to warn the users of the street of dangerous conditions existing there; and where both the contractor and the city have had ample notice to put up the proper lights, and fail to do so, they are each liable to one who has been injured in consequence of their neglect.

3. **Same—Joint Liability.**

> Where a contractor for making street improvements for a municipality digs a ditch across one of its streets, and the location is so filled by a heavy rainfall during the day that the ditch is completely covered and concealed by the water standing there, and it appears that a red light is customarily placed at such points of danger at night, and that a white light indicates that vehicles are to be driven around it: *Held*, a person driving around the white light and, in the absence of the red light, falling into the ditch, may maintain an action against both the contractor and the city to recover damages for a personal injury resulting from the negligent acts, when ample notice had previously been given to the city of the absence of the light.

4. **Municipalities—Cities and Towns—Speed Ordinances—Negligence—Proximate Cause.**

> Where a person driving at night on a city's street is injured by the negligence of the defendant in not having the customary red light to warn persons traveling thereon of the dangerous condition of the street, the fact that he was violating an ordinance regulating the speed of vehicles will not bar his recovery on the ground of contributory negligence, in the absence of evidence that this was the proximate cause.

CIVIL ACTION, tried before *Lyon, J.,* at February Term, 1917, of LENOIR, upon these issues:

1. Was the plaintiff's person and automobile injured by the negligence of the defendants? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to his own injury and the injury to his automobile? Answer: No.

3. What damages, if any, is plaintiff entitled to recover of the defendants on account of injury to his person? Answer: $1,000.

4. What damages, if any, is plaintiff entitled to recover of defendants on account of injury to his automobile? Answer: $150.

From the judgment rendered, defendants appealed.

*G. V. Cowper, R. A. Whitaker, and T. C. Wooten for plaintiff.*
*A. D. Ward and Rouse & Rouse for Construction Company.*
*Loftin, Dawson & Manning for City of Kinston.*

BROWN, J. The first four assignments of error are directed to the right of the plaintiff to recover, in any view of the evidence. All the others are alleged errors in the charge of the court.

21—174

The evidence of the plaintiff tends to prove that the defendant company was improving the streets of the city of Kinston under a contract with the city. It had been working on the day in question at the intersection of Washington and McLewean Streets, in order that a gas pipe might be laid. During the night it rained very hard. About 7 o'clock p. m. a pipe burst at the point named and the water flooded the street. Both defendants, or their representatives, received this notice, and the city sent one Wiggins there, who drove a stick in the pipe. One Rukenbaker, the representative of the construction company, went there about 7 o'clock. Seeing Wiggins there, he did nothing more. It further appears that during this work, and as a usual custom, a red light was placed as a warning of danger where any point in the street was left in an unsafe condition, and that a white light was merely an indication that there was some object at that point, and that the vehicles should go around it, all of which was well known and understood by the citizens and the defendants. Witnesses for the plaintiff testified that there was no red light at the excavation, but there was a white light on a pile of sand some distance from the point where the injury took place. Although the two men were sent to the place where the injury occurred at 7 o'clock that night, it appears that, even in the condition of the street at that time, no red light or other danger signal or warning to persons not to pass was placed at that point. The rain accumulated to such an extent later in the night that water completely covered the street at this point, so that there was no difference in appearance of the ditch and the other part of the street, and no one traveling the street could tell that there was a ditch or excavation.

Plaintiff, a physician, was returning home in his automobile. He testifies that he knew the work was going on, and that he looked cautiously down East Street and, seeing no red light, drove ahead at anywhere from 10 to 15 miles per hour. He observed the white light on the sand pile and drove around it, according to regulations. His automobile plunged into the deep excavation, completely hidden by water, and seriously injured plaintiff and damaged the machine.

Taking these facts to be established, we can see no ground for directing a nonsuit or for charging the jury that there is no evidence of negligence.

It is elementary that the municipal authorities are charged with the duty of keeping the streets of the municipality in a reasonably safe condition, and to that end they are required to exercise a careful supervision over them.

Such authorities must exercise such reasonable supervision over street improvement work as to see to it that proper lights at night are placed at excavations and piles of dirt and other obstructions incident to such work.

This particular city has had a similar experience before, and had to pay for the negligence of its servants in this respect. In *Kinsey v. City of Kinston,* 145 N. C., 106, it is held: "It is the positive duty of municipal authorities to keep the public streets in a reasonably safe condition for the use of pedestrians. The city is liable in damages to the plaintiff, who, being accustomed to use its sidewalk in going to and from her work, passed in the morning, and, repassing in the evening about 8 o'clock, was injured by falling into a ditch which had been dug across the sidewalk in the intervening time by a contractor for a private person, with notice to and permission of the city, and left without lights, warning signals, or signs at, near, or upon the ditch."

"While a private person is liable to pedestrians for his negligence in permitting a ditch dug across the public sidewalk of the city to remain after nightfall without lights or other warnings, the city is also liable for negligence, when, after granting the permit, it fails to exercise proper supervision and inspection."

To same effect is *Carrick v. Power Co.,* 157 N. C., 379, where it is held that a municipality cannot absolve itself from liability to supervise the streets when work likely to be dangerous is done on them by an independent contractor. We think these cases settle the liability of both defendants upon the facts presented here.

It is contended by the defendants that the plaintiff is guilty of contributory negligence, upon his own evidence, and that the court erred in not so holding. The defendant contends that plaintiff was driving over 10 miles an hour at the time he fell into the ditch, in violation of a city ordinance. Plaintiff says he was driving 10, 12, or 15 miles an hour. He seems unable to give the rate of speed with any accuracy. But, assuming he drove over 10 miles an hour, it does not follow that the unlawful speed was the cause of his injury. Plaintiff's negligence would not bar recovery, unless it was the proximate cause of the injury. *Clark v. Wright,* 167 N. C., 646; *Sheppard v. R. R.,* 169 N. C., 239.

The court properly instructed the jury that if there was excessive speed, and that was the proximate cause of the injury, to find there was contributory negligence.

According to plaintiff's evidence, he would have driven into the ditch in any event and been injured, whether driving 10 or 15 miles per hour.

The real cause of the injury was the failure to display the red danger light at the point where the excavation crossed the street.

We have examined the charge, and deem it unnecessary to discuss the several exceptions to it. In our opinion, the case was presented clearly and fairly to the jury.