The facts are sufficiently stated in the opinion of the Court by MR. JUSTICE WALKER.
Plaintiff's intestate was struck by one of defendant's engines and killed, while riding on a wagon with J. E. Puckett over a crossing. There was evidence to the effect that the men in the wagon looked and listened and did not hear or see the train which was approaching. They could not see it because of obstructions. The plaintiff's witness, J. E. Puckett, testified: "When I got there, I stopped, looked, and listened. Neither saw nor heard the train before the horses were on the track; I was unable to see it on account of the orchard, fence, honeysuckle vines, and the cut." He also stated that a train could not be seen until he had reached a point a few feet from the track, or very near it. There was also evidence that the engineer did not give any signal for the crossing by blowing the whistle or ringing the bell of the engine, and evidence to the contrary. There was evidence tending to *Page 253 
show that a person on the crossing could have been seen by the engineer when 300 or 400 feet from it. The evidence upon the material question in the case was conflicting.
Defendant requested the court to enter a judgment of nonsuit (311) upon the evidence, as plaintiff's intestate was guilty of such contributory negligence in driving upon the crossing, without looking or listening, as barred his recovery. The judge could not have done so without deciding an issue of fact, which he is forbidden to do, that being the function of the jury. Pell's Revisal, sec. 535, and cases cited in note.
The evidence favorable to defendant's view of the case may be ever so strong and persuasive, but if there is a conflict of testimony, it must be left to the jury, and they must find the facts. This is a case where there was a serious dispute as to the facts, which, of course, carried the case to the jury.
It is our duty, upon a motion for a nonsuit, to consider the evidence in the view most favorable to the plaintiff, for at least one reason, which is, that the jury may adopt his version of the facts as the true one. It would be contrary to all our decisions to discard the proof in his favor and consider only that favorable to the defendant, or to permit the latter to overthrow the former, even if it is more reasonable and convincing. Such a course would contravene the express terms of the statute, and would nullify its plain and explicit injunction, that we, as judges, should confine ourselves to the law of the case and leave the finding of facts to the jury.
The ruling of the court is sustained by Cooper v. R. R., 140 N.C. 209, in which Justice Hoke said: "(1) A traveler on the highway, before crossing a railroad track, as a general rule, is required to look and listen to ascertain whether a train is approaching; and the mere omission of the trainmen to give the ordinary or statutory signals will not relieve him of this duty. (2) Where the view is unobstructed, a traveler who attempts to cross a railroad track under ordinary and usual conditions without first looking, when, by doing so, he could note the approach of a train in time to save himself by reasonable effort, is guilty of contributory negligence. (3) Where the view is unobstructed, a traveler may ordinarily rely upon his sense of hearing, and if he does listen, and is induced to enter on a public crossing because of the negligent failure of the company to give the ordinary signals, this will usually be attributed to the failure of the company to warn the traveler (312) of the danger, and not imputed to him for contributory negligence. (4) There may be certain qualifying facts and conditions which so complicate the question of contributory negligence that it becomes *Page 254 
one for the jury, even though there has been a failure to look or listen, and a traveler may, in exceptional instances, be relieved of these duties altogether, as when gates are open or signals given by watchman, and the traveler enters on the crossing reasonably relying on the assurance of safety."
Applying these principles to the case, it will appear by a bare reading of the evidence that it should not have been withdrawn from the jury by granting a nonsuit. The jury, by their verdict, evidently found that the intestate and J. E. Puckett did look and listen, in the exercise of that degree of care characteristic of the man of ordinary prudence, and, further, that no signal from the approaching train was given. Hinkle v. R.R., 109 N.C. 473; Alexander v. R. R., 112 N.C. 720; Russell v. R. R.,118 N.C. 1098; Norton v. R. R., 122 N.C. 910.
In Mesic v. R. R., 120 N.C. 490, after stating that it is the duty of a traveler on the highway, when he approaches a railroad crossing, to look and listen, even though the railroad may have been negligent, the Court says: "The rule, however, does not prevail where to look would be useless on account of obstructions, natural in themselves, or such as had been placed by accident or design by the company's employees on their tracks. . . . and when at the same time the engineer had failed to sound the whistle or ring the bell for the crossing, and in consequence of this failure the plaintiff had been induced to go upon the track and take the risk." The principal authorities are cited in Cooper v. R. R., supra, and explained, and no further reference to them or comment on them is required to clarify the subject. The principles governing such cases as these are too well known and too firmly established to be misunderstood or to require any vindication.
It cannot now be successfully argued, because there was evidence that the intestate could have seen the coming train, that therefor he did see it. His opportunity to see and to hear was a circumstance, if it existed, which the jury could consider in ascertaining whether he did (313) see, but was not conclusive evidence of the fact. In Mayes v. R. R., 119 N.C. 758, the present Chief Justice says: "We do not understand the defendant to complain that the jury was not instructed that the looking and listening must be done with proper care, but his proposition is, that if the plaintiff looked and listened and might have seen or heard, and did not see or hear, as a proposition of law he did not look and listen. That, however, is a matter of fact, and not a proposition of law. By `looking and listening' the jury must have understood, under the terms of the charge, `looking and listening with proper attention.' Defendant is traveling in a circle when he argues that if the plaintiff looked and listened with care, he saw or heard the *Page 255 
approaching train, if he could have done so; and if he did not see and hear it, when he might have done so, then he did not, with proper attention, look and listen." This answers defendant's main contention.
There was no error in the case, that we have been able to discover, after a careful examination of it.
No error.
Cited: Johnson v. R. R., 163 N.C. 441.