W. C. DUDLEY AND H. A. WATSON v. ATLANTIC COAST LINE RAILROAD COMPANY, AND WALKER D. HINES, DIRECTOR GENERAL.

(Filed 15 September, 1920.)

1. **Railroads— Evidence— Negligence— Crossings— Gates—Watchman— Municipal Assent.**

It is incumbent upon a railroad company to take such reasonable precautions as are necessary to the safety of travelers at a public crossing, and, upon the issue of negligence, it is competent to show that there were no automatic alarms or gates at the crossing in plaintiff's action to recover damages, caused by a collision of plaintiff's automobile with defendant's train, it being for the jury to determine the question of whether the plain-

tiff's or the defendant's negligence was the proximate cause; and the assent of the municipal authorities that a watchman should be stationed at the crossing, who should give warning, is not conclusive upon the question.

2. **Railroads— Crossings— Collisions— Automobiles—Negligence—Proximate Cause—Superior Rights—Pedestrians.**

The liability of the defendant, whose train had a collision with the plaintiff's automobile at a public crossing depends upon whether the plaintiff's or defendant's negligence was the proximate cause of the injury; and a prayer for instruction, tendered by the defendant, which eliminates this principle, and makes it the plaintiff's duty to recognize the prior right of the defendant to the crossing, is properly refused. The principle applying to a trespasser who was negligent after the defendant's engineer should have discovered his condition, *distinguished.*

3. **Railroads—Judgments—Director General—Lessor and Lessee—Federal Statutes.**

When the Government, represented by the Director General, is a party defendant with a railroad company, under the Federal Control Act, a judgment against the Director General alone is not objectionable, the Government being the lessee operating the railroad, and the railroad company the lessor, permitting adjustments of balances due under the Federal statute, and a judgment could be taken against either or both.

APPEAL by the defendant from *Cranmer, J.,* at May Term, 1920, of BEAUFORT.

This is an action to recover damages sustained by an automobile in crossing the defendant's track on Second Street, Washington, N. C. The automobile was going west on said street, which the railroad track crosses about 200 feet from Gladden Street. The space between the two streets is occupied by a warehouse. The engine came out from behind the warehouse. There was evidence tending to show that it was then too late to avoid the collision. There was also evidence for the defendant that the engine bell was being rung, and that a watchman was in the street, displaying a large sign with the word "stop" on it, and that it could have been seen by plaintiffs.

Upon the conflicting evidence, the jury found that the injury was caused by the negligence of the defendant, and that the plaintiffs did not contribute thereto, and assessed the damages at $600.

From the judgment the defendant appealed.

*Ward & Grimes for plaintiffs.*
*Small, MacLean, Bragaw & Rodman for defendants.*

CLARK, C. J. We do not think the exceptions to the evidence require any discussion. It was in evidence that the watchman was placed by the defendant at this crossing with the approval of the governing body

of the city. It was not error for the court to permit the plaintiffs to offer evidence that there was no automatic alarm, or gates, at the crossing, and the court properly left it to the jury to say, upon all the attendant circumstances, whether the railroad company was negligent in not erecting gates. It was incumbent upon the defendant to take such reasonable precautions as were necessary to the safety of travelers at public crossings. 22 R. C. L., 988. This was a question of fact for the jury. That the city authorities assented that a watchman should be stationed at the crossing was not conclusive upon the plaintiffs if, in the opinion of the jury upon the evidence, this was not sufficient protection to the public.

We think that the judge, in the charges given and the prayers refused, followed the ruling in *Goff v. R. R.,* 179 N. C., 216; *Forsyth v. Oil Mill,* 167 N. C., 179; *Osborne v. R. R.,* 160 N. C., 309; *Hinkle v. R. R.,* 109 N. C., 472.

It is not error for the court to refuse to charge that "It is the duty of those going upon a railroad crossing to recognize the prior right of the railroad company to use the crossing in the operation of its business." The Court has so held as between the railroad company and the trespasser on the track, who, if injured, has no cause of action unless the railroad company was guilty of negligence after the engineer should have discovered that the trespasser was unable to avoid the injury, and the railroad could have done so after this was discovered. But when there is a collision at a crossing the liability depends upon whose negligence was the proximate cause of the injury, and the court properly so amended the prayer of the defendant. 22 R. C. L., 987, sec. 215, which is a very clear statement of the law.

The court rendered judgment against the Director General alone. We do not see that the railroad company can object to this. It can make settlement with its codefendant in adjusting the balances due under the Federal statute. The Government, as lessee, was represented by the Director General, and the appellant, as lessor, was also a party, and the judgment could have been taken against either or both. *Clements v. R. R.,* 179 N. C., 230; *Gilliam v. R. R., ib.,* 510.

No error.