Civil action to recover damages for an alleged negligent injury resulting from crossing collision when the automobile in which plaintiff was riding as a guest — returning from a dance at White Lake — was driven into a box car of defendant's freight train standing across the highway at Garland, N.C. at about 2:05 a.m. on the morning of 16 May, 1933.
The plaintiff invokes the doctrine announced in Dickey v. R. R.,196 N.C. 726, 147 S.E. 15; Dudley v. R. R., 180 N.C. 34,103 S.E. 905; Blum v. R. R., 187 N.C. 640, 122 S.E. 562; Leathers v. TobaccoCo., 144 N.C. 330, 57 S.E. 11; Duffy v. R. R., ib., 26,56 S.E. 557; Alexander v. R. R., 112 N.C. 720, 16 S.E. 896.
The defendant relies upon the decisions in Baker v. R. R., 205 N.C. 329,171 S.E. 342; Batchelor v. R. R., 196 N.C. 84, 144 S.E. 542;Eller v. R. R., 200 N.C. 527, 157 S.E. 800; Goldstein, v. R. R.,203 N.C. 166, 165 S.E. 337; Herman v. R. R., 197 N.C. 718,150 S.E. 361; Weston v. Ry. Co., 194 N.C. 210, 139 S.E. 237.
From a judgment of nonsuit entered at the close of all the evidence, the plaintiff appeals, assigning errors. *Page 845 
The Court being equally divided in opinion, Brogden, J., not sitting, the judgment of the Superior Court is affirmed in accordance with the usual practice in such cases, and stands as the decision in this case without becoming a precedent. Smith v. Powell, ante, 837; Sondey v. Yates, ante, 836.
Affirmed.