### S. B. ROSE v. ATLANTIC COAST LINE RAILROAD COMPANY
and
### W. A. McDANIEL v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 14 October, 1936.)

**Railroads D b—**

One plaintiff was the driver and the other plaintiff a guest in an automobile that ran into a tank car standing across a grade crossing. *Held:* In plaintiffs' actions against the railroad company to recover the damages sustained, nonsuits were properly granted under authority of *Goldstein v. R. R.,* 203 N. C., 166.

APPEAL by plaintiffs from *Parker, J.,* at January-February Term, 1936, of HALIFAX.

Civil actions to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, consolidated and tried together, as both cases rest upon the same fact situation or arise out of the same crossing accident. *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171.

Plaintiffs were returning from a fishing trip on the night of 20 July, 1934, in McDaniel's car, driven by Rose, when they ran into a Texaco oil tank car of defendant's freight train standing across the highway in the town of Hobgood, N. C., at about the hour of 10 p.m., and injured both of the plaintiffs. The night was dark and very foggy. The driver testified that he did not see the car across the road in front of him until he got within ten or fifteen feet of it, because his lights "went under the car." The automobile ran head-on into the side of the tank car. Plaintiffs were familiar with the road.

From a judgment of nonsuit entered at the close of all the evidence, the plaintiffs appeal, assigning errors.

*E. B. Grant and George C. Green for plaintiffs, appellants.*
*Spruill & Spruill and Dunn & Johnson for defendant, appellee.*
*Thos. W. Davis of counsel for defendant.*

PER CURIAM. The judgment of nonsuit must be affirmed on authority of *Goldstein v. R. R.,* 203 N. C., 166, 165 S. E., 337, and *Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237. These cases are controlling upon the facts presently appearing of record.

The case of *Dickey v. R. R.,* 196 N. C., 726, 147 S. E., 15, cited and relied upon by plaintiffs, is distinguishable in that no town ordinance was being violated by the defendant at the time of the accident as was the situation in *Dickey's case, supra.*

The pertinent authorities are assembled in *Sessoms v. R. R.,* 208 N. C., 844, 182 S. E., 112.

Affirmed.