PAUL COCKRELL, ADMINISTRATOR OF K. B. COCKRELL, DECEASED, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 19 March, 1952.)

**Railroads § 4—**

Evidence tending to show that plaintiff's intestate could have seen one-fourth of a mile in the direction from whence defendant's train was approaching, without evidence that the condition of the crossing caused his vehicle to stall or prevented him from looking before entering upon the crossing, *held* to disclose contributory negligence barring recovery as a matter of law.

APPEAL by plaintiff from *Hatch, Special Judge,* January Term, 1952, JOHNSTON. Affirmed.

Civil action to recover damages for the alleged wrongful death of plaintiff's intestate who was killed when he drove his truck in front of an oncoming train at a neighborhood public road crossing.

At the conclusion of plaintiff's evidence in chief, the court, upon motion of defendant, dismissed the cause as in case of nonsuit. Plaintiff excepted and appealed.

*Levinson & Batton for plaintiff appellant.*
*Shepard & Wood for defendant appellee.*

PER CURIAM. While the details, as always, are somewhat different, there is nothing in the testimony in this case which serves to distinguish it from the long line of railroad crossing cases appearing in our reports in which judgments of nonsuit were either affirmed or directed. Plaintiff's intestate could see clearly for at least one-fourth mile down the track in the direction from which the train approached. Unfortunately he failed to look, or, looking, failed to heed the presence of the oncoming train. It does not appear that the condition of the crossing caused his vehicle to stall or prevented him from looking before entering the zone of danger. Therefore, the judgment of nonsuit must be affirmed on authority of the line of decisions represented by *Parker v. R. R.,* 232 N.C. 472, 61 S.E. 2d

370; *Herndon v. R. R.,* 234 N.C. 9; *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137; *Miller v. R. R.,* 220 N.C. 562, 18 S.E. 2d 232.

Affirmed.