EVELYN JONES v. ATLANTIC COAST LINE RAILROAD.

(Filed 21 May, 1952.)

**Railroads § 4—In car passenger's action for negligent injury in crossing accident, driver held guilty of insulating negligence.**

The driver of the car stopped some twenty feet from the easternmost rail where his vision in one direction was obstructed by tall corn growing on defendant's right of way. Seeing no train approaching, he thereupon drove upon the crossing without again looking in either direction, and the car was struck'by a train on the second track, a distance of some twenty-seven feet. The evidence disclosed that a driver could get an unobstructed vision of the track in both directions by stopping at a point nearer the first track. *Held:* Conceding the railroad company was negligent in permitting the tall corn to grow on its right of way and in failing to give warning of its approaching train by whistle or bell, the negligence of the driver constituted intervening negligence insulating the negligence of the railroad and requiring nonsuit in an action by a passenger in the car against the railroad company.

APPEAL by plaintiff from *Parker, J.,* October Term, 1951, of ROBESON.

Civil action to recover damages for personal injuries sustained in an automobile-train collision at a grade crossing.

At the close of the plaintiff's evidence, the defendant moved for judgment as of nonsuit. The motion was allowed, and from judgment based on such ruling the plaintiff appealed, assigning errors.

*Johnson & Johnson for plaintiff, appellant.*
*McLean & Stacy for defendant, appellee.*

JOHNSON, J. The collision occurred about five o'clock on the afternoon of 21 June, 1949, when the automobile in which the plaintiff was riding was struck by the defendant's southbound passenger train near Pembroke, North Carolina. The plaintiff was riding with her husband, Zeb Jones, in his car, returning along a country road to their home. At a point about a mile and a quarter from their house, the road over which they were traveling crosses the main north-south double line tracks of the defendant railroad about half a mile south of Pembroke. The plaintiff's husband had crossed the tracks at this point many times, was familiar

JONES *v.* R. R.

with the crossing and surrounding conditions, and knew that trains passed frequently.

The car in which the plaintiff was riding was traveling west. To the right of this road, looking toward the west, the defendant had permitted hybrid corn to be planted on its right of way. The corn was extremely tall and thick, and obstructed the view of one traveling west until within about 15 feet of the easternmost railroad track. There was evidence tending to show that no warning of the approach of the train to the crossing was given by whistle or bell.

It further appears from the plaintiff's evidence that her husband saw the stop sign side of the road before reaching the crossing. He slowed down and stopped about 20 feet from the easternmost track where his vision to the right was obstructed by the hybrid corn. From this point, where he could see to his left but not to his right, Zeb Jones then drove, without looking again, out beyond the corn, across both a railroad fill and the near northbound tracks, and onto the southbound tracks on the far side, where he was hit by a southbound train.

Zeb Jones testified that between the corn and the southbound track there was a distance of 27 feet in which there was no obstruction. Other witnesses placed the distance at from 27 to 30 feet. Jones further stated that "After I stopped and started, I didn't look again and the next thing I knew I was hit by the train."

This evidence, when tested by settled principles of law, explained and applied in many decisions of this Court, fails to make out a case for the jury. *Jeffries v. Powell,* 221 N.C. 415, 20 S.E. 2d 561, and cases there cited. See also *Beaver v. China Grove,* 222 N.C. 234, 22 S.E. 2d 434.

In the instant case, if it be conceded that the defendant was negligent in allowing the corn to grow upon the edge of its right of way and in failing to give warning signal of the approach of its train to the crossing, nevertheless, it is clear that the active negligence of the driver of the automobile, subsequently operating, was the real, efficient cause of the injury to the plaintiff. It is manifest that the negligence of the husband in driving without looking through an area of some 27 to 30 feet in which his vision was unobstructed intervened and insulated the prior negligence of the defendant and became the sole proximate cause of the plaintiff's injury. *Jeffries v. Powell, supra.*

It follows, then, that the court below properly held that this negligence of the driver was the sole proximate cause of the plaintiff's injury. The judgment of nonsuit entered below is

Affirmed.