### LESSIE P. SUMMERLIN v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 21 October, 1953.)

**1. Railroads § 4—**

Plaintiff's evidence tending to show that defendant's train approached a much used grade crossing in a municipality where no barricades, alarm system or flagmen were maintained, that the engineer did not ring the bell or blow the whistle and that the train struck plaintiff's car on the crossing, *is held* sufficient to be submitted to the jury on the question of negligence on the part of the railroad company.

**2. Negligence § 11—**

Contributory negligence need not be the sole proximate cause in order to bar recovery, but is sufficient for this purpose if it constitutes a concurring cause proximately contributing to the injury.

**3. Negligence § 19c—**

When plaintiff's own evidence establishes contributory negligence on her part, nonsuit is proper.

**4. Railroads § 4—**

The failure of the employees of a railroad company to ring the bell or sound the whistle of the locomotive in warning in approaching a grade crossing, or to have the engine's headlight burning, if dark, does not relieve

a motorist of the duty of exercising due care for his own safety in traversing the crossing or warrant the assumption by him that no train is approaching, the crossing itself being notice of danger.

5. **Same—**

Plaintiff's own evidence tending to show that she stopped some forty-eight feet before a grade crossing, did not see or hear a train, and then traversed the forty-eight feet onto the track without again looking, although at any time before reaching the crossing she could have seen defendant's approaching train had she looked, is *held* to disclose contributory negligence on her part barring recovery as a matter of law for injuries sustained when her car was struck by the train on the crossing.

APPEAL by plaintiff from *Burgwyn, Special J.,* April Civil Term 1953 of WAYNE. Affirmed.

This is a civil action to recover damages for personal injuries and damage to an automobile arising out of a collision at a railroad crossing.

This is a summation of plaintiff's evidence. In the town of Mount Olive the defendant's main railroad track—a single line—runs north and south. Parallel with the track on each side are two streets, both called Center Street. College Street in Mount Olive runs west and east, crossing the railroad track at right angles to Center Street. Plaintiff's home is on College Street, east of Center Street. About 5:30 or 6:00 p.m. on 3 November 1949, the plaintiff was driving her automobile east on West College Street toward Center Street on her way home. The plaintiff testified "it was not dark, yes, it was approaching darkness;.dusk." The plaintiff had been living in Mount Olive since 1917, except for a period in 1934. She had passed over this railroad crossing on numerous occasions.

There is a little brick building on the southwest corner of Center and College Streets "opposite from the depot." When the plaintiff approached Center Street she drove ahead of this building, and stopped. There is nothing from this building to the railroad track but a sidewalk, street and a parking strip. She drove to the edge of the sidewalk in front of this building. There was nothing to keep her from seeing, if she had looked to the south. There was nothing to obstruct her view. She had driven her car as far out from the sidewalk as to be safe from approaching cars so that she could see north and south. She saw an automobile coming on her side of Center Street going north. At the crossing this car turned east on College Street, and crossed the railroad track. Where plaintiff stopped her car, there was nothing to mar her view south as far as John, James or even Main Streets. She could see over a block any way. She looked south to see if a train was coming. She saw nothing, and started to cross Center Street and the tracks on her way home. On the railroad track she was hit by a train of the defendant going north, and was injured, and her car damaged.

The bell of the train was not ringing, nor the whistle blowing, nor was a train light showing. There were no barricades or gates at the crossing, no flagman there, no alarm system. Many automobiles use this crossing—some 35 or 36 per hour on week days.

West College Street approaching the track is almost level—at the track is a slight dip.

By tape measure there is a distance of 6½ feet between the railroad track and the east curb of West Center Street; West Center Street is 35½ feet wide, and the parking strip 6½ feet wide. The sidewalk is 14½ feet wide. By tape measure it is 56 feet from the western rail of the tracks to the door of the little brick building on the southwest corner of College and Center Streets. In this 56 feet area there is nothing to obstruct one's view southwardly from College Street.

The plaintiff introduced in evidence from the Code of Mount Olive an ordinance making it unlawful for trains to operate at a speed in excess of 25 miles per hour between 6 :00 a.m. and 10 :00 p.m. in the town limits.

At the close of plaintiff's evidence the defendant moved for judgment of nonsuit, which was overruled, and the defendant excepted. The defendant put on evidence. At the close of all the evidence, the defendant renewed its motion for judgment of nonsuit, which was allowed, and the plaintiff excepted. From judgment signed in accord therewith, plaintiff appeals, assigning error.

*Paul B. Edmundson, J. Roderick Robertson, and J. T. Flythe for plaintiff, appellant.*

*Bland & Bland and W. B. R. Guion for defendant, appellee.*

PARKER, J. The plaintiff has offered plenary evidence of actionable negligence on the part of the defendant. *Edwards v. R. R.,* 129 N.C. 78, 39 S.E. 730; *Goff v. R. R.,* 179 N.C. 216, 102 S.E. 320; *Earwood v. R. R.,* 192 N.C. 27, 133 S.E. 180; *Quinn v. R. R.,* 213 N.C. 48, 195 S.E. 85; *Miller, Admr. v. Union Pac. R. R. Co.,* 290 U.S. 227, 78 L. Ed. 285.

However, the plaintiff according to her own evidence is guilty of contributory negligence, which bars her recovery. Her negligence need not be the sole proximate cause of her injury. It is enough if it, concurring with the negligence of the defendant, proximately contributes to her injury. It is the prevailing rule of practice to enter judgment of nonsuit when it appears from the evidence offered on behalf of the plaintiff that she has been guilty of contributory negligence. *Bailey v. R. R.,* 223 N.C. 244, 25 S.E. 2d 833, where the cases are cited; *Stevens v. R. R.,* 237 N.C. 412, 75 S.E. 2d 232. In *Stevens v. R. R., supra,* this Court said in March last "decisions of this Court uniformly hold that 'a railroad crossing is itself a notice of danger, and all persons approaching it are bound to

SUMMERLIN *v.* R. R.

exercise care and prudence, and when the conditions are such that a diligent use of the senses would have avoided an injury, a failure to use them constitutes contributory negligence and will be so declared by this Court,' as stated by *Brown, J.,* in *Coleman v. R. R.,* 153 N.C. 322, 69 S.E. 251."

The plaintiff had the right to expect timely warning by bell or whistle, or, if dark, to expect a headlight on the engine, but the failure to give such signal or warning, or to have a headlight on would not justify her in relying upon such failure, or in assuming that no train was approaching. It is still her duty to keep a proper lookout. *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137; *Stevens v. R. R., supra; Dowdy v. R. R.,* 237 N.C. 519, 75 S.E. 2d 639.

When the plaintiff stopped on West College Street near its intersection with West Center Street, it was not dark; it was approaching darkness. She stopped ahead of a little brick building on the southwest corner of Center and College Streets. From the western rail of the railroad track to the door of this building is 56 feet. Where she stopped, there was nothing to obstruct her view to the south, from which the train was approaching. She looked north and south, and saw no train. She put her automobile in motion, and without looking again she crossed West Center Street 35½ feet wide, the parking strip 6½ feet wide, 6½ feet between the east curb of West Center Street and the track, and onto the track where she was hit by the train. If, during the time she was crossing this 48½ feet, she had looked to the south, she could have seen the approaching train, stopped her car, and avoided her serious injuries. She was thoroughly familiar with the crossing. Her failure to exercise proper care and prudence under such circumstances constitutes contributory negligence. *Godwin v. R. R.,* 202 N.C. 1, 161 S.E. 541; *Parker v. R. R.,* 232 N.C. 472, 61 S.E. 2d 370; *Dowdy v. R. R., supra,* p. 524, where cases are cited showing how far the plaintiff stopped from the track before entering upon it, and then drove on the track without looking again.

The plaintiff relies heavily upon *Osborne v. R. R.,* 160 N.C. 309, 76 S.E. 16; *Johnson v. R. R.,* 163 N.C. 431, 79 S.E. 690; *Goff v. R. R., supra.* The facts are distinguishable, for in those cases the view of the traveler going upon the railroad track was obstructed. The plaintiff also relies upon *Meacham v. R. R.,* 213 N.C. 609, 197 S.E. 189; and *Caldwell v. R. R.,* 218 N.C. 63, 10 S.E. 2d 680. Those cases are not in point for in each one there was evidence to show low visibility from fog or mist.

The judgment of nonsuit entered in the lower court was correct, and is Affirmed.