R. MICHAEL MILLER AND SHELBY FAMILY PRACTICE, P.A. v. MAXINE C. DAVIS, EXECUTRIX U/W DEARCY HERBERT DAVIS, AND SEABOARD COAST LINE RAILROAD COMPANY

No. 8427SC72

(Filed 6 November 1984)

**Railroads § 5.8— grade crossing accident—obstructed view—motorist not negligent as matter of law**

    In an action for negligence arising from a collision between a car driven by plaintiff and a train operated by defendant, summary judgment should not have been entered for defendant where the evidence showed that plaintiff looked to the east as he approached the crossing, had his view blocked by a shed, looked to the west until he could see past an obstruction in that direction, looked back to the east, and found himself virtually in the crossing and unable to avoid the collision. Although plaintiff had a clear view to the east about 15 feet before the track, it is not contributory negligence as a matter of law for a driver to fail to observe a train approaching from one direction while he continues looking in another direction until he can see around an obstruction.

APPEAL by plaintiffs from *Snepp, Judge.* Judgment entered 26 September 1983 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 23 October 1984.

The plaintiffs brought this action for personal injury and property damage arising from a collision between a motor vehicle driven by Dr. Miller and a train being operated by Dearcy Herbert Davis, an engineer for Seaboard Coast Line. The plaintiffs alleged the negligence of Seaboard's agent Dearcy Herbert Davis was a proximate cause of the injury and damage. The defendants filed an answer in which they denied any negligence and pled the contributory negligence of Dr. Miller as a bar to recovery by the plaintiffs.

The defendants made a motion for summary judgment. The papers filed in support and opposition to the motion showed that on 7 October 1979 at approximately 9:40 a.m. R. Michael Miller was operating an automobile owned by Shelby Family Practice, P.A. in a southerly direction on North Washington Street in Shelby, North Carolina. He was approaching a crossing of the Seaboard Coast Line. At this time Mr. Davis was operating a freight train of Seaboard in a westerly direction on the track east of the crossing. At the crossing there was a main line track and a

side track on each side. The approaching train was on the main line.

Dr. Miller testified by deposition that he had crossed the railroad on North Washington Street many times and was familiar with the crossing. He looked to his left when he was 150 to 200 yards from the crossing and saw some stationary cars on one of the tracks. As he proceeded toward the crossing the cars were blocked from his view by a shed on the railroad right of way. He then looked to his right to see if a train was coming from the west. There was a "boulder structure" to his right "fifty to seventy-five yards from the center of the intersection." He continued to look toward the west toward the obstruction in that direction until he could see that the track was clear from the west. When he saw that the track was clear to the west he looked back to the east. At that time he was "virtually in the crossing" and was unable to stop his vehicle in time to avoid the collision. He was proceeding at approximately fifteen miles per hour immediately before he reached the track. The shed to Dr. Miller's left was in such a position that fifteen feet before he reached the track he could have seen up the track for a distance of several hundred feet if he had looked. The Court granted the defendants' motion for summary judgment. Plaintiffs appealed.

*N. Dixon Lackey for plaintiffs appellants.*

*John M. Burtis and Thomas D. Garlitz for defendants appellees.*

WEBB, Judge.

The holding of *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979), is that if the defendant in a negligence action makes a motion for summary judgment and supports it by papers which forecast evidence which would entitle him to a directed verdict if offered at trial, the Court must grant the motion for summary judgment unless the plaintiff offers a forecast of evidence which would be sufficient to require the denial of a motion for directed verdict if the evidence were introduced at trial. If the forecast of evidence in this case is such that if the evidence were offered at trial the defendants would be entitled to a directed verdict in their favor the judgment of the superior court must be affirmed.

There was sufficient evidence forecast in this case for a jury to find that the defendants were negligent. The question is whether the evidence is such that the only reasonable inference a jury could make from the evidence is that Dr. Miller was contributorily negligent. There have been many cases dealing with the contributory negligence of a motor vehicle operator at a railroad crossing. *See Cox v. Gallamore*, 267 N.C. 537, 148 S.E. 2d 616 (1966); *Ramey v. R.R.*, 262 N.C. 230, 136 S.E. 2d 638 (1964); *Carter v. R.R.*, 256 N.C. 545, 124 S.E. 2d 561 (1962); *Arvin v. McClintock*, 253 N.C. 679, 118 S.E. 2d 129 (1961); *Faircloth v. R.R.*, 247 N.C. 190, 100 S.E. 2d 328 (1957); *Irby v. R.R.*, 246 N.C. 384, 98 S.E. 2d 349 (1957); *Dowdy v. R.R.*, 237 N.C. 519, 75 S.E. 2d 639 (1953); *Jones v. R.R.*, 235 N.C. 640, 70 S.E. 2d 669 (1952); *Parker v. R.R.*, 232 N.C. 472, 61 S.E. 2d 370 (1950) and *Jeffries v. Powell*, 221 N.C. 415, 20 S.E. 2d 561 (1942). We believe the general rule from these cases is that a motorist is contributorily negligent in approaching a railroad track if he does not see what he could have seen even if he had to come to a stop to do so. In *Mansfield v. Anderson*, 299 N.C. 662, 264 S.E. 2d 51 (1980); *Neal v. Booth*, 287 N.C. 237, 214 S.E. 2d 36 (1975); and *Johnson v. R.R.*, 257 N.C. 712, 127 S.E. 2d 521 (1962) our Supreme Court held the plaintiffs were not barred by this rule. In *Mansfield* the evidence most favorable to the plaintiffs was that the driver had to be within one foot of the track to have an unobstructed view so that he could see a sufficient distance up the track to see the approaching train. In *Neal* the driver had to be on a side track and within twenty-one feet of the main track upon which the train was approaching before he had an unobstructed view. In *Johnson* the driver could have stopped just short of the track and gained a clear view of the approaching train. The Supreme Court held the driver was not contributorily negligent as a matter of law because there was an obstruction barring the driver's view until he was just short of the track and the warning light was not operating.

We believe we are bound by *Baker v. R.R.*, 202 N.C. 478, 163 S.E. 452 (1932) to hold it was error to allow the defendants' motion for summary judgment. In that case, as the driver approached the track he had an unobstructed view to his right 67 feet from the track. There was an obstruction to his left which prevented a view of the track until he was "nearly on the track." He first looked to his right and then looked to his left until he

reached the track at which time a train approaching from the right struck him. Our Supreme Court held the question of contributory negligence was for the jury. The Court said, "[It] cannot be said that plaintiff is barred of recovery as a matter of law because he gave more attention to the direction where the probability of danger was greatest." We believe *Baker* holds that if there is an obstruction on one side of the track at which the driver looks until he can see around the obstruction it is not contributory negligence as a matter of law for him not to observe a train approaching from the opposite direction while he is so looking. We believe that *Baker* like *Mansfield, Neal* and *Johnson,* is an exception to the general rule. We hold that this case fits that exception.

We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges HEDRICK and HILL concur.