DAWN SHARP, Personal Representative of the Estate of DAVID SHARP, Plaintiff v. CSX TRANSPORTATION, INC., CSX CORPORATION, and R. A. JONES, Defendants

No. COA02-1094

(Filed 2 September 2003)

**Railroads— crossing accident—going around crossing gate— contributory negligence**

The trial court erred by granting defendant's motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) based upon contributory negligence in an action arising from a railroad crossing accident. A violation of N.C.G.S. § 20-142.1 is not negligence per se, and the complaint left open the question of whether the decedent, a fireman returning a fire truck to the station, exercised due care in deciding to drive around a crossbar given his knowledge of defendant's customary practice of stopping trains in such a way that crossing gates remained down even though no hazard was present, the obstruction of his view, and his need to return to the fire station.

Appeal by plaintiff from order entered 29 May 2002 by Judge Jack A. Thompson in Cumberland County Superior Court. Heard in the Court of Appeals 21 May 2003.

*Gill & Tobias, L.L.P., by Douglas R. Gill, for plaintiff-appellant.*

*Millberg, Gordon & Stewart, P.L.L.C., by John C. Millberg and Dena White Waters, for defendants-appellees.*

GEER, Judge.

In this appeal, appellant Dawn Sharp asks us to reverse the trial court's order granting defendants' motion to dismiss. Defendants have contended that dismissal is appropriate because the complaint establishes contributory negligence as a matter of law. Applying the standards governing a motion to dismiss under Rule 12(b)(6) of the

North Carolina Rules of Civil Procedure, we hold that the allegations of the complaint, taken as true, do not necessarily dictate a finding of contributory negligence and, therefore, we reverse.

Plaintiff's complaint alleges the following facts. On 17 March 2000, David Sharp was driving a fire truck owned by the City of Fayetteville Fire Department back to his fire station. Under Fire Department policies, Sharp—who was alone in the truck—was required to return the truck to the fire station directly upon conclusion of a call.

As Sharp approached a railroad crossing on Cumberland Street, a locomotive owned by defendant CSX crossed Cumberland Street causing the crossing gate to descend across the roadway. The locomotive came to a stop with the last car sitting just north of the crossing. Because of where the train stopped, the crossing gate remained in a lowered position. In addition, the train obscured Sharp's view of the tracks to the north and the train acted as a barrier against any sound made by a train approaching from the north.

According to the complaint, defendants have a widely known practice in Fayetteville of stopping their trains for extended periods of time in close proximity to crossing gates thereby causing the gates to remain lowered. This problem has occurred frequently and is widely known to residents and travelers in Fayetteville, including Sharp.

The complaint alleges that Sharp waited for an extended period of time to see if the train would move forward and allow the crossing gate to rise. Sharp believed that the crossing gate was remaining lowered only because of the CSX train. As Sharp was alone in the fire truck, he was prohibited by Fire Department policies from operating the truck in reverse. Since he was unable to back up the truck, Sharp decided to cross the tracks in order to return promptly and directly to the fire station. As Sharp began crossing the tracks, an Amtrak train, whose approach had been obscured by the CSX train, struck the fire truck, killing Sharp.

Sharp's wife, Dawn Sharp, filed suit on 15 March 2002 asserting a claim for negligence against defendants. Pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, defendants moved to dismiss on the grounds that the complaint established contributory negligence as a matter of law. Plaintiff appeals from the trial court's order granting that motion.

SHARP v. CSX TRANSP., INC.

[160 N.C. App. 241 (2003)]

When a party files a motion to dismiss pursuant to Rule 12(b)(6), the question for the court is whether the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. *Grant Constr. Co. v. McRae*, 146 N.C. App. 370, 373, 553 S.E.2d 89, 91 (2001). The court must construe the complaint liberally and "should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." *Block v. County of Person*, 141 N.C. App. 273, 277-78, 540 S.E.2d 415, 419 (2000).

Dismissal under Rule 12(b)(6) is appropriate in three situations: (1) when it is apparent from the face of the complaint that no law supports plaintiff's claim; (2) when review of the complaint's allegations reveals the absence of a fact necessary to state a claim for relief; or (3) when the complaint alleges some fact that necessarily defeats plaintiff's claim. *Johnson v. Bollinger*, 86 N.C. App. 1, 4, 356 S.E.2d 378, 380 (1987). A complaint is considered sufficient under Rule 12(b)(6) when no "insurmountable bar" to recovery appears on the face of the complaint and when the complaint's allegations give adequate notice of the nature and extent of plaintiff's claim. *Id.*

In this case, defendants argue that Sharp's violation of N.C. Gen. Stat. § 20-142.1 (2001) and the common law duty to yield the right of way to approaching trains constitutes contributory negligence as a matter of law. Because this case is at the motion to dismiss stage, we disagree.

While N.C. Gen. Stat. § 20-142.1 prohibits any person from driving around or under a crossing gate, it also expressly provides that a violation of the statute is not negligence *per se.* Specifically, the statute states:

(b) No person shall drive any vehicle through, around, or under any crossing gate or barrier at a railroad crossing while the gate or barrier is closed or is being opened or closed, nor shall any pedestrian pass through, around, over, or under any crossing gate or barrier at a railroad crossing while the gate or barrier is closed or is being opened or closed.

. . . .

(d) Any person who violates any provisions of this section shall be guilty of an infraction and punished in accordance with

G.S. 20-176. *Violation of this section shall not constitute negligence per se.*

N.C. Gen. Stat. § 20-142.1(b), (d) (emphasis added).

Defendants' argument—that allegations in a complaint demonstrating a violation of this statute establish, without more, contributory negligence as a matter of law—is inconsistent with the General Assembly's mandate that the violation "shall not constitute negligence *per se.*" *Id.* As our Supreme Court has explained, when a statutory violation "is declared not to be negligence *per se,* the common law rule of ordinary care applies, and a violation is only evidence to be considered with other facts and circumstances in determining whether the violator used due care." *Cowan v. Murrows Transfer, Inc.,* 262 N.C. 550, 554, 138 S.E.2d 228, 231 (1964). The Court explained further: "The distinction, between a violation of a statute . . . which is negligence *per se* and a violation which is not, is one of duty. In the former the duty is to obey the statute, in the latter the duty is due care under the circumstances." *Id.*

As a result, the issue with respect to defendant's claim of contributory negligence, is whether Mr. Sharp exercised "due care under the circumstances." *Id.* The fact that Mr. Sharp bypassed the crossing gate in violation of the statute is evidence that may be considered, together with all of the other facts and circumstances, in deciding whether Mr. Sharp breached his common law duty of exercising ordinary care. *Kinney v. Goley,* 4 N.C. App. 325, 332, 167 S.E.2d 97, 102 (1969).

Similarly, the fact, standing alone, that Mr. Sharp did not yield the right of way to the oncoming Amtrak train does not establish his negligence as a matter of law at the motion to dismiss stage. Whenever a train and a car collide at a crossing, the car has failed to yield the right of way to the train. Yet, the driver is not always held to be contributorily negligent. Instead, the courts look to all of the facts and circumstances: "Our courts have encountered considerable difficulty in enunciating bright-line rules to govern liability in train-automobile grade crossing accidents. Consequently, each case is evaluated on its own facts." *Parchment v. Garner,* 135 N.C. App. 312, 315, 520 S.E.2d 100, 102 (1999), *disc. review denied,* 351 N.C. 359, 542 S.E.2d 216 (2000). Significantly, none of the cases cited by defendants involves the granting of a motion to dismiss a complaint.

A court should dismiss a complaint based on contributory negligence only when the allegations of the complaint taken as true

"show[] negligence on [the plaintiff's] part proximately contributing to his injury, so clearly that no other conclusion can be reasonably drawn therefrom." *Ramey v. Southern Ry. Co.*, 262 N.C. 230, 234, 136 S.E.2d 638, 641 (1964). Given the allegations of the complaint in this case, Mr. Sharp's contributory negligence is not so clear that "no other conclusion can be reasonably drawn therefrom." *Id.*

The complaint alleges that defendant had a practice of stopping trains in such a way that crossing gates remained down even though no hazard was present. Before crossing the tracks, Mr. Sharp stopped and waited "an extended period of time to see if the train would move forward and allow the crossing gates to rise." Further, according to the complaint, defendant's train blocked Mr. Sharp's ability to see and hear any train coming from the north.

Plaintiff also argues that Mr. Sharp, since he was operating a fire truck, was exempt from the statutory requirement concerning railroad crossings. This Court has held:

> Our research reveals that a majority of jurisdictions by statutes or ordinances exempt emergency vehicles (such as police cars, ambulances and fire department apparatus) from strict compliance with traffic regulations. However, the allowance of these special privileges (which include traveling through a red traffic light and exceeding speed limits) has been held generally not to relieve the operator of the emergency vehicle from the exercise of ordinary, reasonable care commensurate with the circumstances.

*City of Winston-Salem v. Rice*, 16 N.C. App. 294, 298, 192 S.E.2d 9, 11 (reversing trial court's order finding contributory negligence by the driver of a fire truck as a matter of law), *cert. denied*, 282 N.C. 425, 192 S.E.2d 835 (1972). In other words, the fact that Mr. Sharp needed to return a fire truck to the fire station is another factor that may be considered in deciding whether he used due care.

The complaint thus leaves open the question whether Mr. Sharp exercised due care in deciding to drive around the crossbar given his knowledge of defendant's customary practice, the obstruction of his view, and his need to return to the fire station. The allegations in plaintiff's complaint do not present an insurmountable bar to recovery. *See Miller v. Davis*, 71 N.C. App. 200, 203, 321 S.E.2d 470, 471-72 (1984) (refusing to find contributory negligence as a matter of law when plaintiff presented evidence that the driver did not see the train

coming because he was looking the other way while trying to see around an obstruction), *disc. review denied*, 313 N.C. 331, 327 S.E.2d 892 (1985). The trial court therefore erred in granting defendants' motion to dismiss.

Reversed.

Judges MARTIN and HUNTER concur.