## HECTOR HARRIS v. PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY.

(Filed 6 April, 1927.)

**Insurance, Accident—Policy—Contracts—Sole Cause of Injury—Evidence —Questions for Jury—Nonsuit.**

> Where a policy of accident insurance provides that the insurer will not be liable unless the injury resulted directly and exclusively of all other causes from bodily injuries sustained, etc., evidence that the insured had sustained an injury from a gun-shot wound of some twenty years before that had healed, and there was no causal connection between it and the injury complained of, and evidence *per contra*, raises an issue for the jury, and the defendant's motion as of nonsuit should be denied.

CIVIL ACTION, before *Midyette, J.*, at November Term, 1926, of HOKE.

The evidence tended to show that the defendant issued an accident insurance policy to the plaintiff in December, 1923; that on or about October, 1924, while said policy was in force, the plaintiff accidentally slipped into a hole and as a result suffered serious injury, and has not been able to work since the accident.

The plaintiff testified that about twenty years prior to taking out the policy he had suffered a gun-shot wound in his hip, and that at the time defendant's agent solicited him for insurance he notified the agent of his injury, and of the further fact that he was a "sort of a cripple by reason of the fact that one leg was shorter than the other. . . . I told him about my wound and that it had been cured up twenty years ago. I told him it was a gun-shot wound. He took my money and gave me a note for it, and in about three or four days the policy came back." At the time of the trial the plaintiff was suffering from a chronic pus and infection of the bone in his right leg.

The defendant contended that plaintiff's injury was not due to the accident in falling in a stump hole, but was due to the gun-shot wound. In this connection, plaintiff testified: "After the gun-shot wound cured up, I did not suffer any from it. . . . That wound began to run about a month after I fell in the hole. This leg had not hurt me in twenty years before. It gave me pain several times when I would work, and in about four weeks after the accident it began to run. . . . If any skin was broken, it was on the inside. I would not say whether it broke any bones or not, some shattered or thin pieces of bone came out."

Dr. Murray, witness for the defendant, testified that plaintiff "claimed he fell and injured his leg and it started up some old trouble that he had before from a gun-shot wound. . . . I could not tell how long this wound had been running. I do not have an opinion as to how long it had been running, or whether it was an old or new wound. . . . Falling

into this hole, as he claimed to you he did, could have caused this trouble. He told me that this old gun-shot wound had not given him any trouble prior to the injury in several years. Taking into consideration his statement to me, the primary cause of the running condition was the gun-shot wound. It started up the old trouble."

At the conclusion of the evidence, the motion for nonsuit made by the defendant was sustained, and the plaintiff appealed.

*H. W. B. Whitley for plaintiff.*
*Smith & McQueen for defendant.*

BROGDEN, J. The accident policy upon which the plaintiff brings this suit insures the plaintiff against "the effects resulting directly and exclusively of all other causes from bodily injury sustained during the life of this policy, solely through external, violent, and accidental means," etc.

Viewing plaintiff's evidence in its most favorable light, as we are required to do in cases of nonsuit, the question to be determined is whether or not plaintiff's injury."resulted directly and exclusively of all other causes . . . solely through external, violent and accidental means." The rule of law governing the cause of action is thus summarized by *Justice Walker* in *Penn v. Ins. Co.,* 160 N. C., 404:

"1. When an accident caused a diseased condition, which together with the accident resulted in the injury or death complained of, the accident alone is to be considered the cause of the injury or death.

"2. When at the time of the accident the insured was suffering from some disease, but the disease had no causal connection with the injury or death resulting from the accident, the accident is to be considered as the sole cause.

"3. When at the time of the accident there was an existing disease, which, coöperating with the accident, resulted in the injury or death, the accident cannot be considered as the sole cause, or as the cause independent of all other causes." *Penn v. Ins. Co.,* 158 N. C., 29; *Fishblate v. Fidelity Co.,* 140 N. C., 593.

The plaintiff asserts that there was no causal connection between the gun-shot wound and the accidental injury. Upon the contrary, the defendant asserts that the plaintiff's injury was the result of the preexisting injury occasioned by the gun-shot wound. The evidence of the plaintiff tended to show that the gun-shot wound was thoroughly cured at the time of the accident. The evidence of the defendant was to the contrary. Conflicting testimony does not warrant a withdrawal of the case from the jury. It is for the jury to determine what weight shall

be given to the evidence.  *Shell v. Roseman,* 155 N. C., 90; *Christman v. Hilliard,* 167 N. C., 5; *Lee v. Brotherhood,* 191 N. C., 359; *Smith v. Coach Line,* 191 N. C., 589.

We conclude, upon the whole record, that there was sufficient evidence to be submitted to the jury upon the issues arising upon the pleadings.

Reversed.