BILLYE BOYD COLLETT v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 6 June, 1930.)

1. **Railroads D b—It is the duty of an engineer to give signal of train's approach to public crossing.**

An engineer in control of a moving train is charged with the duty of giving some signal of the train's approach to a public crossing, and if he fails to give such warning which is the proximate cause of injury the railroad company is liable to the person injured.

2. **Same—Evidence of negligent failure to give signal at crossing and evidence of contributory negligence held properly submitted to jury.**

Where in an action against a railroad company to recover for injuries sustained in a collision at a public crossing there is evidence tending to show that defendant's train approached the crossing where the accident occurred without giving any warning of its approach; that the plaintiff was driven in her automobile by her chauffeur who stopped, looked and listened before attempting to cross the tracks; that the night was dark and rain was falling; that the driver crossed the tracks slowly, and on account of the conditions there did not see the approaching train until within three feet of the track, and could not stop the car in time to avoid the accident, with conflicting evidence on each point: *Held*, the evidence was properly submitted to the jury on the issues of negligence, contributory negligence and damages.

3. **Trial D a—Conflicting testimony of plaintiff's witnesses does not entitle defendant to nonsuit.**

Conflicting testimony of the plaintiff's own witnesses does not justify the withdrawal of their testimony, their credibility being for the jury, and in viewing the testimony in the light favorable to the plaintiff it is sufficient, the defendant's motion as of nonsuit is properly denied.

APPEAL by defendants from *Finley, J.,* at April Term, 1930, of
CHEROKEE.   No error.

Civil action to recover damages for personal injury alleged to have
been caused by the negligence of the defendants.   The issues of negli-
gence, contributory negligence, and damages were answered in favor of
the plaintiff.   Judgment on the verdict.   Appeal by defendants.

On the occasion complained of the plaintiff owned a Chevrolet coupe,
in which she and her chauffeur, Mabel Rogers, were traveling.   The
plaintiff lives near Andrews.   On the morning of 31 December, 1929,
she and Mabel Rogers went to Murphy and about eight or nine o'clock
in the evening, on their return to Andrews, approached the place of
the accident.   At this place there are the main line of the Southern
Railway and three spur or side tracks.   One siding and the narrow-
gauge road are on the Murphy side of the main line and a side track
leading to the plant of the Extract Company is on the other side.   There
is some evidence that the view is obstructed as one approaches the main
line from the direction of Murphy; there is evidence to the contrary.
The coupe had arrived at the main line when the occupants saw the
train; they alighted; and the train struck the car, hurled it against the
plaintiff, and caused her serious personal injury.   Other facts are stated
in the opinion.

*A. Hall Johnston and Alley & Alley for plaintiff.*
*Thomas S. Rollins and Dillard & Hill for defendants.*

ADAMS, J.   The defendants assign as error the denial of their motion
for nonsuit at the conclusion of the evidence.   They contend (1) that
they were not negligent; (2) that the plaintiff's injury was caused
solely by the negligence of her driver; and (3) if in any view of the
evidence they were negligent, the negligence of the plaintiff, who owned
the car and directed its operation, proximately contributed to the injury.
On all these questions the evidence is conflicting.   There is evidence
tending to show that the coupe approached the railway track between
eight and nine o'clock at night; that it was dark; that rain was falling;
that the driver brought the car to a full stop at the "stop" sign; that
the occupants of the car looked and listened for the train; that the car
was "just creeping" when it approached the narrow-gauge track; that
it continued to move slowly toward the main line of the railway; that
when the driver reached a point from which she could see up the main
track the front of the car was within three feet of the roadbed; that
"on account of conditions there" it was impossible to get a clear view
of the main track "until the car gets that close"; and that the driver was
blinded by an arc light situated one hundred yards from the crossing.
There is evidence tending to show that the train ran from the station

to the public crossing, a quarter of a mile, without ringing the bell or sounding the whistle. On this point there is both negative and positive testimony. Mabel Rogers was positive: "There wasn't any whistle blowing or bell for the crossing. I didn't say I didn't hear any; I said there wasn't any." She testified that the coupe was within three feet of the main track when she and the plaintiff first saw the train: "I was almost on the track before I saw the train and before I saw the light of the train. I was looking all the time." She testified that it was impossible to stop the car after she saw the train before going upon the track.

Considered most favorably for the plaintiff *(Goss v. Williams,* 196 N. C., 213), this evidence unquestionably tends to show negligence on the part of the defendants. An engineer in control of a moving train is charged with the duty of giving some signal of its approach to a public crossing; if he fails to perform this duty the railway company is deemed to be negligent; and if as a proximate result of such negligence injury is inflicted the company is liable in damages. *Russell v. R. R.,* 118 N. C., 1098, 1108; *Perry v. R. R.,* 180 N. C., 290; *Moseley v. R. R.,* 197 N. C., 628.

The defendants' motion for nonsuit on the ground that there is no evidence of their negligence was therefore properly denied. It is no less obvious that we are precluded from holding as an inference of law that either the plaintiff or the driver of the car neligently contributed to the plaintiff's injury. Whether either of them did so was a question for the jury. It cannot be denied that there is abundant evidence in contradiction. Indeed, it cannot be denied that there are inconsistencies, if not direct conflicts, in the testimony of one or two witnesses introduced by the plaintiff. But while these apparent inconsistencies may have affected the credibility of the witnesses they would not have justified the withdrawal of their testimony from the jury. This principle is maintained in a number of our cases. *Ward v. Mfg. Co.,* 123 N. C., 248, 252; *Shell v. Roseman,* 155 N. C., 90; *Christman v. Hilliard,* 167 N. C., 4; *Bank v. Brockett,* 174 N. C., 41; *Harris v. Insurance Co.,* 193 N. C., 485; *Evans v. Cowan,* 194 N. C., 273; *Stevens v. Rostan,* 196 N. C., 314. We find

No error.