ALEX HARRIS v. BLACK MOUNTAIN RAILWAY COMPANY.

(Filed 10 December, 1930.)

**Railroads D b—Mere fact of injury in collison while attempting to cross tracks does not entitle plaintiff to recover.**

In an action to recover damages sustained in a collision at a grade crossing, the fact that the plaintiff failed to stop as well as look and listen before attempting to drive his auto-truck across defendant's railroad track does not alone entitle the defendant to a verdict upon the usual issues of negligence, contributory negligence, etc., as other facts and circumstances may be considered and determined by the jury in plaintiff's favor. *Butner v. R. R., ante,* 695, cited as controlling.

APPEAL by defendant from *Harwood, Special Judge,* at March Term, 1930, of YANCEY. No error.

This is an action to recover damages for injuries to the person and to the truck of the plaintiff, caused by the negligence of the defendant, as alleged in the complaint, resulting in a collision, at a public crossing, between defendant's engine and plaintiff's truck.

Issues raised by the pleadings, and involving the actionable negligence of the defendant, the contributory negligence of the plaintiff, as a proximate cause of his injuries and damages resulting from the injuries, were submitted to the jury and answered in accordance with the contentions of the plaintiff.

From judgment that plaintiff recover of the defendant the sum of $6,000, damages for the injuries to his person, and the sum of $400, damages for the injuries to his truck, as assessed by the jury, defendant appealed to the Supreme Court.

*Watson & Fouts for plaintiff.*
*J. W. Pless, J. J. McLaughlin and Chas. Hutchins for defendant.*

Per Curiam. Conceding that under authoritative decisions of this Court, the evidence for the plaintiff, the defendant having offered no evidence, was sufficient to sustain the allegations in the complaint that plaintiff's injuries were caused by the negligence of defendant, on its appeal to this Court, the defendant contends that there was error in the refusal of the trial court to allow its motion for judgment as of nonsuit, at the close of all the evidence, for that all the evidence shows that plaintiff did not stop his truck before driving on the crossing and thus avoid the collision which resulted in his injuries. Defendant contends that such failure was negligence *per se* on the part of the plaintiff, which contributed as a proximate cause to his injuries. This contention cannot be sustained. The principle on which the contention is made is well settled in this State and elsewhere. *Butner v. R. R., ante,* 695; *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598; *B. & O. R. R. Co. v. Goodman,* 72 L. Ed., 167. The principle, however, is not applicable in the instant case.

The law in this State does not impose upon the driver of a motor vehicle, on his approach to a public crossing, the duty, under all circumstances, to stop his vehicle before driving on the crossing. Whether under all the circumstances, as the evidence tends to show, and as the jury may find from the evidence, the failure of the driver to stop, as well as to look and listen for an approaching train at a railroad crossing, was negligence on his part, is ordinarily a question involving matters of fact as well as of law, and must be determined by the jury under proper instructions from the court. This principle has statutory recognition in this State, and was properly applied in the instant case. The judgment is affirmed on the authority of *Butner v. R. R., supra.*

No error.