CECIL H. JARRETT v. SOUTHERN RAILWAY COMPANY.

(Filed 19 April, 1961.)

**1. Trial § 22a—**

On motion to nonsuit, plaintiff's evidence must be accepted as true and plaintiff is entitled to the benefit of all reasonable inferences that may be drawn from it, resolving all conflicts in his favor.

**2. Railroads § 4—**

At a crossing of four railroad tracks with a much travelled street in a populous city both the railroad company and the motorists using the crossing are required to use that degree of vigilance which is in proportion to the known danger of the hazardous crossing.

**3. Same— Evidence held for jury on issues of negligence and contributory negligence in this action to recover for crossing accident.**

Plaintiff's evidence was to the effect that, in attempting to traverse a grade crossing of a municipal street and four railroad tracks, he stopped approximately twelve feet from the track upon which defendant ordinarily operated its trains and upon which the train in question approached, that plaintiff could not see in the direction of the approaching train more than 80 or 100 feet because of weeds, etc., that he looked and listened and neither heard nor saw an approaching train, entered upon the crossing and was struck before his car cleared the crossing. Plaintiff estimated the speed of the train at 25 to 35 miles per hour and introduced a city ordinance limiting the speed of trains at the locus to 15 miles per hour. Held: The evidence is sufficient to be submitted to the jury on the issue of the negligence of the railroad company, and does not disclose contributory negligence as a matter of law on the part of plaintiff.

APPEAL by plaintiff from *Patton, J.,* September, 1960 Regular Term, CATAWBA Superior Court.

The plaintiff instituted this civil action to recover for personal injuries and property damages resulting from an automobile-train collision at a grade crossing in the city of Newton, North Carolina. The collision occurred at about 9:50 on the morning of July 11, 1959, at the intersection of 19th Street and the Southern Railway's main line track. The plaintiff approached the intersection, driving west on 19th Street. The Southern Railway's freight train, going south, struck the

rear end of plaintiff's Lincoln Capri before it cleared the track, causing the plaintiff's personal injury and damage to the vehicle.

The paved portion of 19th Street, approximately 22 feet wide, crossed four railroad tracks. As the plaintiff attempted to cross from the east to west he first encountered a Southern sidetrack to a business establishment operated by Goodnight Brothers. The second track was the main line of the Southern on which the train was running. The third track was the main line of Carolina-Northwestern Railway Company, and the fourth was a sidetrack into Knitmode Manufacturing Company. A distance of about 12 feet separated the Southern main line from the Goodnight sidetrack.

The plaintiff's place of business was near the crossing. He was thoroughly familiar with it. It was a busy crossing over which perhaps 2,000 vehicles passed each 24-hour period. There was a stop sign on the 19th Street approach to the crossing.

The plaintiff's witness Hinson testified: ". . . about five minutes before the accident . . . I came down to the sidetrack going into Goodnight Brothers . . . I stopped the front of my car on the sidetrack . . . You had to pull out in the sidetrack approximately three feet between the sidetrack and the main line to be able to see 100 feet up the track. . . . This is on account of the weeds and grass grown up along the track and in between."

The plaintiff testified: "When I got down to the siding that goes into Goodnight Brothers, I stopped and looked up to the right, which is north, and I couldn't hear anything. . . . As to noise or any other thing that would indicate a train was coming, . . . there absolutely was not any whistles blowing; there was no noise at all; no bells ringing. . . . After I stopped there and did not see any train to the right and didn't hear any noise, I proceeded — took my foot off the brake pedal and rolled right down. . . . When I got my car up on the main line of the railroad, I saw a train coming. At that time the train was about—I'd say between 80 and 100 feet away . . . The train engine was not making any noise—I'd say it was coasting; . . . I mashed on the accelerator. . . . The train struck the back end of my car. . . . My car was almost two-thirds across the track when it was struck."

The plaintiff introduced evidence of his personal injury and property damage. He also introduced a city ordinance which provided: "It shall be unlawful for any railroad engine, car, or train to be run through the city at a speed in excess of 15 miles per hour, . . . or to approach any street crossing without giving sufficient warning signals."

At the close of the plaintiff's evidence the court withheld ruling on defendant's motion for nonsuit. The defendant then offered evidence that a train approaching the crossing from the north can be

seen a distance of 1,000 or 1,500 feet; that on the occasion involved the train was making 12 to 15 miles per hour; that the whistle was blowing and the bell was ringing. At the close of all the evidence the court entered judgment of nonsuit, from which the plaintiff appealed.

*Corne and Warlick, Richard A. Williams, for plaintiff, appellant.*
*Patrick, Harper & Dixon, for defendant, appellee.*

HIGGINS, J.   The question presented is the sufficiency of the evidence to withstand defendant's motion for nonsuit. On this question the rules require us to accept the plaintiff's evidence as true. We must give him the benefit of all reasonable inferences that may be drawn from it, resolving all conflicts in his favor. *Heuay v. Construction Co.,* 254 N.C. 252; *Drum v. Bisaner,* 252 N.C. 305, 113 S.E. 2d 560; *Lake v. Express Co.,* 249 N.C. 410, 106 S.E. 2d 518; *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406. The record does not disclose whether the nonsuit was entered because the plaintiff failed to offer evidence of defendant's negligence or because plaintiff's own evidence established his contributory negligence as a matter of law. *Smith v. Rawlins,* 253 N.C. 67, 116 S.E. 2d 184; *Clontz v. Krimminger,* 253 N.C. 252, 116 S.E. 2d 804; *Leonard v. Garner,* 253 N.C. 278, 116 S.E. 2d 731; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307.

Each case involving a highway-railway crossing accident must be decided upon its facts. Nevertheless, certain rules have been recognized by this Court as tending to assist in fixing responsibility. Here we are dealing with a hazardous crossing, known to be such by both parties. Two thousand vehicles traverse four railroad tracks each day. The degree of vigilance required of both parties is in proportion to the known danger. One of the leading cases is *Johnson v. R.R.,* 163 N.C. 431, 79 S.E. 690. Others are *Sherrill v. R.R.,* 140 N.C. 252, 52 S.E. 940; *Coleman v. R.R.,* 153 N.C. 322, 69 S.E. 251; *Moseley v. R.R.,* 197 N.C. 628, 150 S.E. 184; *Lincoln v. R.R.,* 207 N.C. 787, 178 S.E. 601; *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637; *White v. R.R.,* 216 N.C. 79, 3 S.E. 2d 310; *Godwin v. R.R.,* 220 N.C. 281, 17 S.E. 2d 137; *Beaman v. R.R.,* 238 N.C. 418, 78 S.E. 2d 182; *Irby v. R.R.,* 246 N.C. 384, 98 S.E. 2d 349; *Faircloth v. R.R.,* 247 N.C. 190, 100 S.E. 2d 328; *High v. R.R.,* 248 N.C. 414, 103 SE. 2d 498; *Arvin v. McClintock,* 253 N.C. 679, 118 S.E. 2d 129.

This is a close case. We have encountered difficulty in finding for it a comfortable resting place among our decisions. However, disregarding all evidence favorable to the defendant, we conclude the plaintiff has offered evidence (only a part of which is quoted) from which defendant's negligence may be inferred. Likewise, we conclude the

evidence in the light most favorable to the plaintiff does not show his contributory negligence as a matter of law. Construing the evidence in the light most favorable to him, as we are required to do, the plaintiff stopped approximately 12 feet from the track upon which the defendant ordinarily operated its trains. The plaintiff could see not more than 80 or 100 feet because of weeds, hedges, grass, etc. As he released his brake and attempted to cross the main track the train was neither in sight nor in hearing. Before he could complete the crossing, however, the train, without whistle or bell, and probably coasting, came in sight at an estimated speed of 25 to 35 miles per hour and struck the rear of his vehicle before he had time to clear the track. A city ordinance permitted speed not in excess of 15 miles per hour.

Giving due heed to the reciprocal duties which the parties owed to each other as outlined in *Johnson v. R.R., supra.,* and subsequent cases, we conclude the pleadings and the evidence presented issues of fact both as to negligence and contributory negligence. Whether one party, or both, or neither, failed to exercise due care are issues to be resolved by the jury.

New trial.