GREELEY B. CARTER v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 21 March, 1962.)

**1. Appeal and Error § 51—**

In an action for negligence, nonsuit entered without assigning the legal ground therefor must be sustained if the evidence fails to show defendant's negligence, or if it affirmatively shows plaintiff's contributory negligence as a matter of law.

**2. Railroads § 5—**

The evidence in this case held sufficient to be submitted to the jury on the issue of the negligence of defendant railroad proximately causing a grade crossing accident, all doubts being resolved in plaintiff motorist's favor.

**3. Same—**

Evidence tending to show that plaintiff was familiar with the grade crossing in question, that he did not stop his vehicle before entering on the crossing, that he became aware of the approaching locomotive when it was some 30 feet from the crossing, and that plaintiff then applied his brakes and skidded onto the tracks in front of the train, is held to disclose contributory negligence as a matter of law.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from Morris, J., September 1961 Civil Term, NEW HANOVER Superior Court.

The plaintiff instituted this civil action to recover for personal injury and damage to his automobile resulting from a grade crossing collision between his vehicle and the defendant's engine near Wilmington in New Hanover County. The accident occurred shortly before 6:00 a.m. on June 3, 1957. The plaintiff, driving a 1953 Pontiac on Princess Street Road, approached the crossing from the west. The defendant's engine approached the crossing from the southeast.

The plaintiff alleged his injuries and damages were proximately caused by the defendant's negligence in these particulars: (1) The en-

gine crew did not keep a proper lookout; (2) did not give any signal of the engine's approach; (3) operated the engine at excessive speed; (4) did not slow down or stop in time to avoid the accident; (5) maintained a foul right of way which obstructed the view of the train's approach.

The defendant denied all allegations of negligence and, by way of further defense, alleged the plaintiff was familiar with the crossing; that he failed to look and listen for the train's approach, of which he had an unobstructed view; that he attempted to cross the intersection at an excessive and unsafe rate of speed; that he ran into the crossing in front of the train and his injury and damage were the result of his own negligent acts.

The plaintiff admitted he was familiar with the crossing. He testified: "As I approached the crossing, . . . I slowed down, looked . . . both ways. On the right hand or western side of the Atlantic Coast Line tracks . . . there were weeds, and bushes . . . higher than my head, I would say roughly, seven or eight feet high; . . . These weeds and bushes grew within ten or twelve feet of the hard surface portion of the Princess Street Road. . . . I could not see the train coming because of the weeds and bushes grown up on the embankment. I would say I was about 30 feet from the track before I could see the train. . . . The moment I saw the train I applied my brakes and tried to stop, but I was not able to avoid a collision. . . . there was sand on the street, and I went to skidding, and then the train hit me. . . . The train, as it approached did not blow any horn or whistle or ring any bell. There wasn't any watchman . . . at that crossing . . . I did not see the train long enough to form an opinion as to what speed . . . I would say I was about 30 feet from the crossing before I discovered or first became aware that the train was approaching."

The evidence indicated a dirt road eight or ten feet wide paralleled the railroad track along which the train approached. One of plaintiff's witnesses testified he had a ruler six feet in length and that the weeds and bushes near the track were higher than the end of the ruler. "It (top of weeds and bushes) must have been nine feet from the ground counting the little hill," (apparently an embankment near the track). He had never seen an engine approach from the southeast. He didn't know whether one could be seen over the obstruction, and didn't know whether the top of the engine was 16 feet high, though he guessed it was about eight feet.

The evidence disclosed the weeds and bushes were near the track — also near the road. There was no evidence, however, the obstructions were on the railroad right of way.

At the close of plaintiff's evidence, the court entered judgment of involuntary nonsuit, from which the plaintiff appealed.

---

CARTER *v.* R. R.

---

S. *Bunn Frink, Elbert A. Brown, Isaac C. Wright, By I. C. Wright for plaintiff appellant.*

*Poisson, Marshall, Barnhill & Williams, By M. V. Barnhill, Jr., for defendant appellee.*

HIGGINS, J.   The trial judge did not assign the legal ground upon which he based the nonsuit. The judgment must be sustained if the evidence fails to show the defendant's negligence. Conversely, it must be sustained if the evidence does show plaintiff's contributory negligence as a matter of law.

The evidence of negligence on the part of the railroad leaves us with disturbing doubts as to its sufficiency to make out a case. The plaintiff did not hear any signal of the train's approach. However, he did not remember whether his windows were up or down. There is evidence of a partial obstruction of a traveler's view of the track on which the train approached. There is, however, no evidence the obstruction was on the defendant's right of way. The plaintiff testified the train crew did not give any warning signal. Fully realizing the evidence presents a fringe case on the first issue, we resolve the doubts in plaintiff's favor. *Jarrett v. R.R.,* 254 N.C. 493, 119 S.E. 2d 383; *Coltrain v. R.R.,* 216 N.C. 263, 4 S.E. 2d 853; *Harris v. R.R.,* 199 N.C. 798, 156 S.E. 102; *Collett v. R.R.,* 198 N.C. 760, 153 S.E. 405; *Johnson v. R.R.,* 163 N.C. 431, 79 S.E. 690.

While the plaintiff's evidence leaves the question of defendant's negligence in the twilight, we think his contributory negligence appears in full daylight. He lived in the vicinity and was familiar with the crossing and its surroundings. Yet, with this full knowledge, he failed to stop, but proceeded toward the crossing until he became aware of the train's approach, suddenly applied his brakes, and skidded on to the track in front of the train. He failed to use his faculties but trusted to luck which, as sometimes happens, turned out to be bad. According to his admission, he saw the train, or, as he said, he became aware of its approach when it was 30 feet from the crossing. But his speed and his failure to stop had placed him in the danger zone from which he could not extricate himself. "It does not suffice to say that the traveler stopped, looked and listened; the looking and listening must be timely so that the precaution may be effective." *Johnson v. R.R.,* 255 N.C. 386, 121 S.E. 2d 580.

The plaintiff in this case did not stop as in *Johnson v. R.R.,* 255 N.C. 386, or as in *Jarrett v. R.R., supra.* There was no evidence that the train was speeding as in those cases. "In the instant case plaintiff knew that he was approaching a railroad, and he knew he was entering a zone of danger. He was required before entering upon the track to look

and listen and to ascertain whether a train was approaching." *Irby v. R.R.,* 246 N.C. 384, 98 S.E. 2d 349; *Arvin v. McClintock,* 253 N.C. 679, 118 S.E. 2d 129; *Beaman v. R.R.,* 238 N.C. 418, 78 S.E. 2d 182; *Jones v. R.R.,* 235 N.C. 640, 70 S.E 2d 669; *Parker v. R.R.,* 232 N.C. 472, 61 S.E. 2d 370; *Dowdy v R.R.,* 237 N.C. 519, 75 S.E. 2d 639; *Penland v. R.R.,* 228 N.C. 528, 46 S.E. 2d 303; *Jeffries v. Powell,* 221 N.C. 415, 20 S.E. 2d 561.

The foregoing cases are authority for compulsory nonsuit on the basis of plaintiff's contributory negligence. The judgment entered in the Superior Court of New Hanover County is

Affirmed.

SHARP, J., took no part in the consideration or decision of this case.