THOMAS JEFFERSON JENKINS v.
ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 31 October 1962.)

**1. Appeal and Error § 51—**

Judgment of nonsuit entered in a negligence action must be sustained if the evidence fails to show defendant's negligence or affirmatively shows plaintiff's contributory negligence as a matter of law.

**2. Railroads § 5—**

Plaintiff's evidence tending to show that he drove his tandem, 10-wheel truck into the side of defendant's diesel engine at a railroad crossing, without stopping before entering upon the track, *is held* to disclose contributory negligence barring recovery as a matter of law, notwithstanding evidence of defendant's negligence in failing to give warning of the train's approach by bell or whistle, since plaintiff was not justified under the circumstances in relying solely upon the absence of signal by bell or whistle.

APPEAL by plaintiff from *Bundy, J.,* April 23, 1962 Term, LENOIR Superior Court.

The plaintiff, by this civil action, sought to recover damages for the personal injury he received when he drove a 46,000-pound tandem, 10-wheel truck loaded with gravel into the side of the defendant's diesel engine pulling a freight train north. The collision occurred about ten o'clock on the morning of September 13, 1958, as the plaintiff, driving east on Eighth Street, attempted to cross the defendant's track.

The plaintiff alleged the Atlantic Coast Line Railroad Company was negligent (1) by operating its train at an excessive speed, (2) by failing to give warning of the train's approach, and (3) by permitting weeds and vines to obstruct his view to the south.

The defendant denied negligence in any of the particulars alleged and, as a bar, to recovery, alleged that the plaintiff's injuries were caused exclusively, or at least were contributed to, by his own negligence in attempting to drive the truck across the track without first ascertaining whether a train approached.

The plaintiff offered negative evidence that a witness a block from the Eighth Street crossing did not hear any whistle or bell; that weeds and vines and buildings obstructed the view of the train's approach from the south except at a point very close to the track. All the evidence indicated the train was running 20-25 miles per hour; that stop signals were in place on Eighth Street; that the plaintiff was thoroughly familiar with the crossing, had actually driven over it on the morning of the collision as he had done on five or six daily trips for a considerable time prior to September 13. All the evidence tended to show the

plaintiff did not stop his truck but proceeded, or attempted to proceed, across the track and actually ran into the side of the moving engine, striking it at the rear steps after the front of the engine had cleared the crossing. Plaintiff was unable to remember anything about the accident.

The defendant's evidence was in sharp conflict with respect to any obstruction to the view of a train's approach from the south. The plaintiff introduced ample evidence of his injury.

At the close of all the evidence the court entered judgment of compulsory nonsuit, from which the plaintiff brings this appeal.

*R. S. Langley, Robert D. Wheeler, for plaintiff, appellant.*
*Bland & Freeman, by W. Powell Bland, Wallace & Wallace, by F. E. Wallace, Jr., for defendant appellee.*

HIGGINS, J.  The record does not disclose the legal ground upon which the trial judge based the nonsuit. The judgment must be sustained, however, if the evidence fails to show the defendant's negligence or does affirmatively show the plaintiff's contributory negligence as a matter of law. *Carter v. R.R.,* 256 N.C. 545, 124 S.E. 2d 561. In passing on the sufficiency of the evidence to survive the motion for nonsuit, we must resolve all conflicts in the testimony in the plaintiff's favor. Assuming the trial court concluded, therefore, the evidence presented a jury question on the issue of the defendant's negligence, nevertheless the plaintiff's own evidence shows his contributory negligence as a matter of law. If, as his own witness testified, the view south along the track was obstructed, he knew about the obstruction. Reason is not suggested why he did not proceed one block further north along the highway which paralleled the railroad track and cross at the Seventh Street crossing as his witness Dickerson did on this same occasion. Dickerson was also hauling gravel from the same dump to the same delivery point for the same employer.

The evidence does not even suggest the plaintiff stopped to look or listen, but apparently trusted to blind luck and ran into the train. The noise of an engine pulling a 10-wheel truck, weighing 23 tons, should be enough to put the driver on guard not to rely solely on a whistle or a bell, especially at train time. The driver failed to use any sort of reasonable precaution for his own safety. His negligence appears as a matter of law. "It is the prevailing and permissible rule of practice to enter judgment of nonsuit in a negligence case, when it appears from the evidence offered on behalf of the plaintiff that his own negligence was the proximate cause of the injury, or one of them." *Godwin v. R.R.,* 220 N.C., 281, 17 S.E. 2d 137. See also, *Carter v.*

*R.R., supra; Arvin v. McClintock,* 253 N.C. 679, 118 S.E. 2d 129; *Irby v. R.R.,* 246 N.C. 384, 98 S.E. 2d 349.

For the reasons assigned, the judgment entered in the court below is Affirmed.