Leggett v. R. R. Co.

GEORGIE JOHNSON LEGGETT, Executrix and ROY G. LEGGETT, EXECUTOR OF THE ESTATE OF ALLINE JOHNSON WIGGINS, DECEASED v. SEABOARD AIR LINE RAILROAD COMPANY AND L. E. ALEXANDER

No. 7110SC201

(Filed 31 March 1971)

1. Railroads § 5— grade crossing accident — instructions — duty of motorist to look and listen — inference that motorist stopped

   In an action to recover for the death of a motorist resulting from an automobile-train collision at a grade crossing, the trial court did not err in instructing the jury that it is contributory negligence barring recovery for one to attempt to cross a railroad track without looking and listening when within the danger limits and when such looking and listening would be effective, and the court in its instructions gave plaintiffs the benefit of every inference fairly deducible from the evidence that plaintiffs' testate did stop before driving onto the tracks.

2. Appeal and Error § 50— harmless error in instructions on negligence

   Where the jury found that the negligence of defendant railroad was one of the proximate causes of an automobile-train collision in which plaintiffs' testate was killed, plaintiffs could not have been prejudiced by any error committed by the court in its instructions as to the negligence of defendant.

3. Railroads § 5— hazardous grade crossing — duties of railroad and motorist

   While the maintenance of an unusually hazardous grade crossing places upon the railroad a duty of care commensurate with the danger created, the duty of care owed by a motorist at the crossing also increases commensurately.

APPEAL by plaintiffs from *Clark, J.,* September 1970 Session, WAKE Superior Court.

This is a civil action in which the plaintiffs seek to recover damages for the wrongful death of plaintiffs' testate, Alline Johnson Wiggins, and for certain personal property damage, allegedly resulting from an automobile-train collision in the town of Wake Forest, N. C., on 27 October 1964. The evidence pertinent to this appeal tends to show: The main line of the defendant's railroad running north and south bisects the Town of Wake Forest. The collision occurred at the intersection of the defendant's main line track and Sycamore Street. At this intersection there were three tracks, with the center track being the main line. Mrs. Wiggins approached the intersection from the east, traveling in a, westerly direction, while the train ap-

proached from the north, traveling in a southerly direction. Along the eastern side of the railroad tracks and to the north of Sycamore Street was a ramp and overhead chute, designed so that trucks from sawmills could back up on the ramp and dump wood chips, which were then pumped into hopper cars belonging to the railroad. At the time of the accident, a hopper car was standing on the side track near the loading mechanism. The evidence tends to show that the view of the main line track to the north, as one approaches from the east on Sycamore Street, was obstructed by the hopper car until reaching a point just east of the main line from which point there was an unobstructed view of the main line north for a distance of 750 feet. A witness for the plaintiffs, who was working in a building near the crossing, testified that while looking out his side door, he saw Mrs. Wiggins' automobile approach the crossing, that the building then blocked his view and he was unable to see the car again until he looked out a rear door when he saw the automobile and the train collide. A witness for the defendants, who was a fireman on the train riding on the left side of the engine, testified that he saw the testate's automobile close to the side track moving at a slow rate of speed, that he "looked right at that lady's head, and from the time that she came to my view, my eyes never left it. I was satisfied she would stop, but she didn't do it. . . . I did not see her head turning either to the right or to the left during the time I observed it, looking straight ahead."

The court denied the defendants' motion for a directed verdict and submitted the case to the jury upon issues of negligence, contributory negligence, and damages. For its verdict, the jury found that the collision resulting in the fatal injuries to plaintiffs' testate, and the damage to her automobile, was proximately caused by the negligence of the defendants and the contributory negligence of the plaintiffs' testate.

From a judgment entered on the verdict, the plaintiffs appealed.

*Bailey, Dixon, Wooten & McDonald by Wright T. Dixon, Jr., and John N. Fountain for plaintiff appellants.*

*Maupin, Taylor & Ellis by Thomas F. Ellis for defendant appellees.*

HEDRICK, Judge.

[1]  The plaintiffs contend that the court committed prejudicial error in instructing the jury that it is contributory negligence barring recovery for one to attempt to cross a railroad track without looking and listening when within the danger limits, and when such looking and listening would be effective.

> "It does not suffice to say that plaintiff stopped, looked, and listened. His looking and listening must be timely, *McCrimmon v. Powell, supra,* so that his precaution will be effective. *Godwin v. R. R., supra.* It was his duty to 'look attentively, up and down the track,' in time to save himself, if opportunity to do so was available to him." *Parker v. R. R.,* 232 N.C. 472, 61 S.E. 2d 370 (1950) ; see also *Arvin v. McClintock,* 253 N.C. 679, 118 S.E. 2d 129 (1961), and cases cited therein.

There is evidence in the record from which the jury could find that from a point just east of the defendant's main line track plaintiffs' testate had an unobstructed view to the north of 750 feet, and there is also evidence in the record from which the jury could find that plaintiffs' testate failed to stop, look, and listen before attempting to cross the main line track.

[1]  The plaintiffs next contend that the court denied "to the plaintiff appellants the benefit of the reasonable inference on all of the evidence that the plaintiff had stopped prior to placing herself in a position of peril." There is no direct testimony in the record that plaintiffs' testate stopped her automobile before driving upon the tracks. The plaintiffs insist that the inference arises from consideration of all of the evidence that she did stop. With respect to this evidence, the court, in its instructions to the jury, stated: "Defendants contend and say that all of the evidence, even the evidence from the plaintiff's own witnesses, particularly of the person who operated the electric shop that she failed to stop. . . ." In challenging this portion of the instructions, the plaintiffs in their brief argue that "the Court incorrectly stated that the operator of the electric motor shop . . . had testified that Mrs. Wiggins failed to stop." In the challenged portion of the instructions, it is clear that the court was not stating that Mrs. Wiggins did not stop, but was merely stating one of the contentions of the defendants, and when the charge is considered as a whole it is clear that the plaintiffs were given

the benefit of every inference fairly deducible from the evidence that she did stop.

[2, 3] The plaintiffs' third contention is that the trial court committed prejudicial error in failing to instruct the jury, as requested, that the defendant railroad had a duty to maintain a public crossing in a reasonably safe condition, and in failing to state that the conduct of Mrs. Wiggins "should be considered in light of the defendants' negligent maintenance of an unusually hazardous crossing." Since the jury found that the negligence of the defendants was one of the proximate causes of the collision, the plaintiffs could not have been prejudiced by any error committed by the court in its instructions as to the negligence of the defendants. *Conference v. Miles* and *Conference v. Creech* and *Teasley v. Creech,* 259 N.C. 1, 129 S.E. 2d 600 (1963). By the second part of this contention, the plaintiffs apparently are contending that the maintenance of an unusually hazardous crossing by the defendant railroad lessens the degree of care required by a motorist attempting to cross the tracks. The defendant railroad and Mrs. Wiggins were under a mutual and reciprocal duty to exercise due care to avoid the accident. *Johnson v. R. R.,* 255 N.C. 386, 121 S.E. 2d 580 (1961) ; *Moore v. R. R.,* 201 N.C. 26, 158 S.E. 556 (1931). While it is true that the maintenance of an unusually hazardous crossing by the defendant railroad places upon it a duty of care commensurate with the danger created, *May v. R. R.,* 259 N.C. 43, 129 S.E. 2d 624 (1963), it is equally true that the duty of care owed by the motorist increases commensurately. *Brown v. R. R.,* 171 N.C. 266, 88 S.E. 329 (1916). The assignments of error upon which these contentions are based are all without merit.

The plaintiffs have brought forward other assignments of error directed to the admission and exclusion of evidence, and to the court's instructions to the jury. A careful examination of each exception in the record fails to reveal any prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.